DARRAH & POMEROY, Respondents, vs. STEAMBOAT LIGHTFOOT, Appellant.

1. The Supreme Court will not notice a bill of exceptions not signed.
2. If a judge improperly refuses to sign a bill of exceptions, his error cannot be corrected by appeal.

Vandemal *v.* Dougherty.

*Appeal from St. Louis Circuit Court.*

*T. B. Hudson*, for appellant.

*J. A. Kasson*, for respondents.

GAMBLE, Judge, delivered the opinion of the court.

The Circuit Court in this case, by consent of parties, assessed the damages of the plaintiffs on a judgment by default, and rendered final judgment thereon. The defendant presented a bill of exceptions to the opinion of the court upon questions of law arising upon that assessment, and the judge refused to sign it, because it was not presented within five days after the decision of the cause, as required by a rule of that court, which is set out in the transcript. The defendant then presented a bill of exceptions to the decision of the court in refusing to sign the bill of exceptions, and appealed from the judgment.

1. This court cannot notice the bill of exceptions which the judge refused to sign, because it is not upon the record in the mode required by law, either by the signature of the judge or of bystanders.

2. Upon appeal, the bill of exceptions taken to the refusal of the judge to sign the bill previously presented, cannot be noticed, because if his refusal had been improper, it is not to be corrected by appeal.

As the appeal brings up the record of the judgment, and there is no error in it presented upon the record in any form that this court can notice, the judgment will be affirmed with damages at the rate of ten per cent.