THE STATE *ex rel.* CALDWELL v. REDD, *Circuit Judge.*

**Mandamus to compel a Circuit Judge to produce and file a Bill of Exceptions.** The counsel of the respective parties to a suit being unable to agree upon a bill of exceptions, appellant's counsel, within a day or two after the judgment, prepared and presented one to the judge, requesting him to allow and sign it. The judge laid it aside for examination, and it was lost. After the lapse of the term, but within sixty days after the judgment, the time which by stipulation between the counsel was allowed for preparing and presenting the bill, it was found and again presented to the judge, by whom it was again lost. After the lapse of the sixty days a second bill was presented to the judge, and he signed and returned it by a messenger to appellant's counsel. The next term of court passed without this second bill being presented for filing. Proceedings by mandamus were then instituted to compel the judge to produce either the original or the second bill, and file the same with the clerk, and make a *nunc pro tunc* entry on the records of the court, showing that the bill was filed in proper time. Pending these proceedings, the original bill was found and lodged in the clerk's office. Upon these facts the Supreme Court denied the application for a peremptory writ.

*Petition for Mandamus.*

The respondent was judge of the Ralls circuit court. The first bill of exceptions was found, the second time, after these proceedings were instituted. The other facts appear in the opinion.

*Waters & Winslow* with *H. S. Priest* for relator.

*John T. Redd pro se.*

SHERWOOD, C. J.—Relator was defendant in an action in the Ralls circuit court. During the course of the trial, he saved divers and sundry exceptions to the ruling of the court and after a verdict and judgment against him, by consent of parties, entry was made of record, granting relator sixty days wherein to file his bill of exceptions. Within a day or two thereafter, and during the term of the trial, a bill was presented by relator for the signature of respondent, which bore an endorsement signed by the respective attorneys of the parties, to the effect that being unable to agree to it as a correct bill of exceptions, it was referred to the judge for correction and revision. The judge was then engaged in the trial of a cause, and not being able to then examine the bill, laid it aside until a more convenient season; and in the usual hurry incident to the closing hours of a term, it was mislaid. Afterwards, at the session of the Hannibal court of common pleas, and about the middle of May, 1877, the attention of the judge being called to the matter by Mr. Anderson, of counsel for relator, and his recollection being refreshed, the judge made the suggestion to Anderson, who, in compliance therewith, made inquiry of the clerk of the Ralls circuit court, and succeeded in obtaining the bill from the latter, who had found it among some loose papers of the court after the close of the term. Anderson, having procured the bill, presented it to the judge for his signature. But the judge being then, also, engaged in the trial of another cause, and seeing the endorsement, and not knowing in respect to what portions of the bill counsel disagreed, laid it temporarily aside, until the occurrence of opportunity for making the proper examination. The bill, however, was again lost during the term of the Hannibal common pleas court, which closed in the latter part of May. The judge, after making diligent search in his own papers, and inquiries of the clerk and attorneys of the court, failed to find the bill, which was afterwards, in De-

cember last, found by the clerk among the files of the court, and by him forwarded to one of relator's counsel, who, in turn, forwarded it to the clerk of the Ralls circuit court, who now has it in his possession. Meanwhile, however, and after the adjournment of the Hannibal common pleas, and in June, 1877, a considerable time after the expiration of the 60 days limited by agreement of parties a bill of exceptions, prepared by Anderson, one of counsel for relator, in lieu of the lost bill, was delivered to the judge, by a grocer of Palmyra, with whom it had been left for that purpose, but who, likewise, had mislaid it, and would have entirely forgotten it, had he not accidently discovered it. When the grocer became the trusted agent of relator's counsel for the bill's delivery to the judge, does not appear, whether within the sixty days or not; but within three days after its reception the latter examined, signed, and in order to avoid further mishaps, sent the bill to Anderson by a private messenger, who duly delivered it to him as directed. Since the delivery of the bill as just mentioned, the August term of the Ralls circuit court, for the year 1877, has been held.

The object of this proceeding, and for which the alternative writ issued, was to compel respondent to produce the original bill of exceptions, or the copy thereof, file the same with the clerk of the Ralls circuit court, and make a *nunc pro tunc* entry on the records of that court, showing that the bill was duly and properly filed, and in time, or else to show cause, &c., &c. The return of respondent not being traversed, must be taken as true. The facts which it avers are briefly given above. There is no denying that respondent has been not a little careless, especially when the bill was presented to him for signature the second time; but certainly he has evinced not the slightest inclination to avoid or refuse to sign the bill. The attorneys on both sides were certainly guilty of very gross carelessness, in making such an ambiguous indorsement on the bill, thus showing no disposition to aid in the labor of settling the

bill. Their duty to their respective clients would certainly seem to have demanded more at their hands. It is well settled that nothing short of an absolute refusal of a judge to sign a bill of exceptions, will authorize the issuance of mandamus to compel his signature. (High's Extr. Leg. Rem., § 206). But there is no ground for such an extraordinary writ to compel the production of a bill when not in the possession of the judge, as in this instance, or to compel him to file the instrument even if possessed of it. The duty belongs to the party, or his attorney whose bill it is, to present the same for filing to the clerk, after it has been signed. Here, as before seen, the bill was signed and delivered to relator's attorney, Anderson, in whose possession, for aught appearing to the contrary, it still remains. Yet, notwithstanding this, so far as the pleadings disclose, relator's counsel have never presented the bill for filing, either in term time or vacation. It is to the last degree doubtful whether a clerk has the right to make an entry on the record in vacation, showing the filing of a bill of exceptions after the time limited for such filing has expired; and if offered for filing in term, and after the expiration of the designated time, very satisfactory reasons should be offered in aid of a motion to file, excusing the laches apparent on the very face of the application, when considered in connection with the record entry, which gave an extension of time.

Circumstances might possibly arise, where a party having been guilty of no fault, or lack of diligence in preparing and tendering a bill to be signed, could, perhaps, even after the lapse of the time limited, successfully appeal to this court, to compel a trial court to admit the bill to be filed, and cause an appropriate record entry to be made, which would operate to prevent flagrant injustice. But we certainly would not feel called upon to interpose our mandatory authority, except in a very clear case. We do not regard the present one of that sort, since it does not appear that the second bill might not have been prepared

and tendered to the judge within the authorized period, nor that the same was so tendered; nor is there any fully satisfactory reason given for the delay; and besides all that, the relator has not even caused the bill, though signed out of time, to be presented in term time for filing. He certainly was in no condition to ask for an entry *nunc pro tunc* to be made, of which respondent states "he has no recollection," unless profert of the instrument asked to be filed, had accompanied the request, as well as preliminary steps and reasons of the character before mentioned.

We do not say, nor will we be understood as saying, that relator's case is incapable of such presentation as would warrant our interposition, but we do say that until he has presented himself in the proper attitude in the court below, as above indicated, and been refused after making a proper showing, any redress, we certainly shall decline to interfere, and therefore, as at present advised, will deny the peremptory writ.

PEREMPTORY WRIT REFUSED.