Garth v. Caldwell.

## GARTH v. CALDWELL, *Appellant*.

1. **Bill of Exceptions.** The signature of the judge of the trial court is essential to a bill of exceptions. This court will not notice an unsigned bill.

2. **Replevin**: CROPS. Corn in the stalk is the subject of replevin; and this without regard to whether it is growing, or, having matured, has ceased to derive any nourishment from the soil.

3. ——: ——: PLEADING. Even if it were necessary that a petition in replevin for corn in the stalk should show that the corn had matured, yet a failure to do this could not be taken advantage of after verdict.

4. **Judicial Notice**: CROPS. The courts will take judicial notice that corn is mature in the month of December.

5. **Replevin**: VERDICT. Where the plaintiff in replevin has the property in possession, a general verdict in his favor without an assessment of damages is not an error of which defendant can complain.

6. **Pleading**: JEOFAILS. Omission to state directly in a petition in replevin that the property in controversy is in the possession of defendant, will be deemed cured, at least after verdict, if there is an averment that the defendant wrongfully detains it. So, also, if the answer confesses the fact, though only by implication.

7. ——. Omission to state a material fact will be obviated if the pleading of the opposite party puts the matter in issue.

8. **Bill of Exceptions.** A party intending to appeal presented to the judge of the trial court a bill of exceptions which the judge refused to sign. To this refusal an exception was taken and another bill of exceptions was tendered, wherein was incorporated the former bill. The judge signed the second bill. *Held*, that this did not bring up for review the questions designed to be raised by the original bill. The exceptor's remedy, if the trial term had not lapsed, was to have the original bill signed by by-standers; if it had lapsed, a proceeding by mandamus to compel the judge to sign.

*Appeal from Ralls Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

This was an action of replevin commenced originally against Caldwell and one Parsons on the 7th day of December, 1874, to recover several ricks of cordwood, one hundred shocks of corn in the field, thirty shocks of fodder and six acres of corn on the stalk, all alleged by the petition to be upon land occupied by and in the possession of Parsons. Parsons did not answer, and plaintiff subsequently dismissed as to him. Caldwell answered, denying title of property in plaintiff, and averring the ownership of the property to be in Parsons, and that he, as sheriff of Ralls county, by virtue of an execution against Parsons, had levied upon the same to satisfy said execution. The property was delivered into the possession of Garth, and was in his possession at the time of the trial. The trial resulted in a general verdict for plaintiff, without any assessment of damages, upon which the court entered judgment that the plaintiff retain possession of the property and recover his costs. Sundry exceptions to the rulings of the court were saved by defendant at the trial; and by agreement of counsel defendant was allowed sixty days after the term in which to prepare and file a bill of exceptions. Such a bill was prepared and presented to the judge for allowance, but was mislaid, so that for a time it could not be found. A second bill was then presented and allowed; but was not filed in time. Out of these transactions grew the mandamus proceedings against the trial judge, the Hon. John T. Redd, reported in 68 Mo. 106. After the decision of that case the defendant again appeared before the court below and filed his motion for a *nunc pro tunc* filing of the bill and for the proper record entries, tendering the original bill, which had been found since the proceedings in this court, and supporting the motion by affidavits,

which motion the court overruled, and the defendant then took a bill of exceptions to this ruling, and incorporated the original bill and affidavits therein. This latter bill was signed by the judge, and upon this the case came to this court. The other facts appear in the opinions.

*H. S. Priest* for appellant.

1. Among other things, plaintiff demands " six acres of corn on the stalk," which by all ordinary interpretation means corn in the stalk standing on six acres of ground. Standing corn is part of the freehold, and not subject to replevin. Williams on Person. Prop., (4 Ed.) 19; Chitty Pleadg., (16 Ed.) 182; *Vausse v. Russel*, 2 McCord 329; *De Mott v. Hagerman*, 8 Cow. 220; *Cresson v. Stout*, 17 John. 116; *Brown v. Wallis*, 115 Mass. 158; *Huebschmann v. McHenry*, 29 Wis. 655. Growing crops may be taken in execution, because such a levy does not contemplate an actual taking and touching of the property, but simply the pursuit of such a course as is calculated to reduce it to the dominion of the law. Herman on Executions, 235, 340· Replevin does contemplate actual seizure. *Ricketts v. Dorrel*, 55 Ind. 470; *s. c.*, 4 Cent. L. Jour. 502. Whatever view the court may take as to the right to take matured standing corn in replevin, there certainly is no such right if the crop is still growing. *Pratte v. Coffman*, 27 Mo. 424; *Rowell v. Klein*, 44 Ind. 290; *s. c.*, 15 Am. 235; *Roberts v. Bank*, 19 Pa. St. 75. The petition does not state that the corn is matured. If it be necessary to prove it, it is necessary to aver it. The presumption would be that the corn on the stalk is still growing and unmatured, for the usual course of husbandry is to harvest matured crops. The plaintiff may have a cause of action and may not, but it certainly devolves upon him to state a good cause of action. *Embree v. Patrick, ante*, p. 173.

2. The verdict is general. It does not find the value of the property or assess any damages for the taking and

detention, and thus is erroneous. *Stat* v. *Dunn*, 60 Mo. 64; *White* v. *Van Houten*, 51 Mo. 577; *Burghart* v. *Brown*, 60 Mo. 24; *Cates* v. *Nickell*, 42 Mo. 169.

3. The last bill of exceptions shows, 1st, The original bill was correct; 2nd, That the judge had signed a duplicate of it; 3rd, That the bill had been with the clerk from during the term of the court at which it should have been filed until presented to the judge the second time for signature; 4th, That neither the appellant nor his attorneys have been guilty of any negligence in the matter; 5th, That it would be a grievous injustice to the appellant not to allow the bill. Besides, the appellant has a bill duly taken and allowed, incorporating in it the bill taken at the trial term of the court, and which is here in due form as a part of the record. The appellant put himself in the attitude indicated by this court in the case in 68 Mo.

*W. C. Foreman* for respondent.

That the " six acres of corn on the stalk," was personal property, cannot be denied by appellant, because he had levied upon the same as the personal property of Parsons, as stated in his answer, and, therefore, it must have been in his possession and capable of actual manual delivery, otherwise he could make no legal seizure and sale of same. R. S., § 2388. If personal property, it was subject to replevin. Morris on Replevin, 58; R. S., § 4844; *Gray* v. *Parker*, 38 Mo. 160 ; *Jones* v. *Dodge*, 61 Mo. 368. Corn, whether mature or immature, although unsevered from the ground, belonging to the class of " *fructus industriales,* as distinguished from *fructus naturales,* such as trees, grass, etc., is a chattel." Benj. on Sales, 109. Growing crops go as personal property to the executor, and not to the heir. *Pratte* v. *Coffman*, 27 Mo. 424 ; *Bloom* v. *Welsh*, 27 N. J. L. 177 ; *s. c.*, 8 Am. L. Reg. 97; 1 Williams on Executors, 596. They may be sold as chattels by parol. Benjamin on Sales, 109 ; *Austen* v. *Sawyer*, 9 Cow. 39 ; *Purner* v. *Piercy*, 40 Md. 212 ;

*s. c.*, 17 Am. 591, and note; 1 Greenleaf Ev., (12 Ed.) § 271, and note. They may be taken on execution and sold as chattels. Herman on Executions, § 219; *Whipple v. Foot*, 2 John. 418; *Stewart v. Doughty*, 9 John. 108; Morris on Replevin, 97. The corn was plainly mature. The courts will take judicial notice of the course of seasons and the order of the ordinary crops. The respondent brings his suit to recover not only " corn in the stalk," but "corn in the stalk and shocks of fodder " all being on a certain farm. These could not co-exist under the ordinary course of farming in this State, if at all, except at a season when the corn on the stalk must be mature and ready to be gathered or cut. 1 Greenleaf Ev., § 271; *McIlvaine v. Harris*, 20 Mo. 458; *Hecht v. Dittman*, (Sup. Ct. Iowa, 1880,) 13 Chic. Leg. News 127.

2. The verdict was not such that the defendant could complain.

3. There is no bill of exceptions signed by the judge preserving exceptions to the rulings at the trial.

I.

SHERWOOD, C. J.—There is no bill of exceptions here that we can regard as such, since the bill which is said to

1. BILL OF EXCEP-
TIONS.

contain the evidence and other proceedings had at the trial, has not been signed by the judge nor otherwise authenticated. On a former occasion, when an alternative writ was asked and granted to compel Judge Redd to produce the original bill of exceptions in this case, or the copy thereof, file the same with the clerk of the Ralls circuit court, and make an appropriate entry *nunc pro tunc*, etc., etc., it appeared from the return of the judge, which was not traversed, that he had signed a copy of the original bill of exceptions, but after the expiration of the sixty days agreed upon, and we refused to award a peremptory writ, remarking, among other things, in denying that writ, that : " It does not appear that the second bill might not have been prepared and tendered to the judge

Garth v. Caldwell.

within the authorized period, nor that the same was so ten-
dered; nor is there any fully satisfactory reason for the
delay ; and besides all that, the relator has not even caused
the bill, though signed out of time, to be presented in
term time for filing." *State ex rel. Caldwell v. Redd*, 68
Mo. 106.    What has become of the bill of exceptions signed
by the judge, does not appear, nor is it material for our
present purpose to inquire.    It is sufficient for us to say
that what is termed the original bill of exceptions is not
signed by the judge, and, therefore, cannot be regarded by
us as preserving any of the matters said to be contained
therein.

## II.

Since there is no bill of exceptions, we can only look
to the record proper; and first to the petition :    We do
2. REPLEVIN: crops. not regard that as subject to criticism, be-
cause it alleges that part of the property sought to be
replevied is " six acres of corn on the stalk."    Whatever
opinions were formerly entertained on this point, it seems
quite well established now, both in England and in this
country, that annual crops, crops raised by yearly labor
and cultivation, or *fructus industriales*, are to be regarded
as personal chattels, independent of and distinct from the
land, capable of being sold by oral contract, and this with-
out regard to whether the crops are growing or having
matured, have ceased to derive any nutriment from the
soil.    2 Schouler Per. Prop., 468, *et seq.* and cases cited ;
2 Bingham Real Prop., 184, *et seq.* and cases cited ; Benja-
min on Sales, §§ 120, 121, 126, and cases cited

## III.

And even if it had been necessary to have declared
that the corn had matured, as claimed by defendant, in
3. _____ _____ : order to have shown it to be the subject of
pleading.        replevin, advantage of that defect should have
been taken at an earlier stage of the proceedings, by mov-

ing to have the petition "made definite and certain." R. S. 1879, § 3529; Bliss on Code ·Pleading, § 425, and cases cited. Besides, the code requires that: "In the construction· of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties." R. S. 1879, § 3546.

Moreover, that code also provides that "Matters of which judicial notice is taken, need not be stated in pleading." R. S. 1879, § 3548; Bliss Code Plead.,

**4. JUDICIAL NOTICE: crops.**

§ 177. Now the present action was instituted in December, 1874, and among those matters whereof courts will take judicial notice is that certain crops mature at certain seasons. Bliss Code Pleadings, § 188; *Floyd v. Ricks*, 14 Ark. 286; 1 Greenleaf Ev., § 5. There is no doubt, therefore, that the petition is good, in the particular referred to.

## IV.

The objection to the verdict, that it is general: "We, the jury, find for the plaintiff," and does not find the value

**5. REPLEVIN: verdict.**

of the property, nor assess any damages for taking and detention, is not tenable in the circumstances of this case. The plaintiff had the property in possession, and the verdict says, rightfully. The fact that the jury did not go on, as they might have done, and assess damages in plaintiff's favor, has certainly not operated to the injury of the defendant, and the plaintiff is not complaining on that score; and we are expressly forbidden to reverse any judgment unless for "errors materially affecting the merits of the action." R. S. 1879, § 3775. This is not one of that sort. The judgment will, therefore, be affirmed. All concur.

*On Motion for Rehearing.*

## I.

SHERWOOD, C. J.—Granting that the petition be defect-

ive in that it does not allege that the property was in the
possession of the remaining defendant, Cald-
well, yet it does allege that the defendant
wrongfully detains the property, and this is an indirect and
inferential allegation that the property was in the posses-
sion of the defendant; an allegation which, though defective,
is certainly good after verdict, since the words "wrongfully
detains" necessarily imply the adverse possession of the
property sued for in replevin.  Tidd's Prac., 919, and cases
cited ; and it will be presumed (if the evidence be not pre-
served and overthrow such presumption, *International Bank
v. Franklin Co.*, 65 Mo. 105), that those facts defectively
stated or omitted, were in proof before the jury rendering
the verdict, or else that no such verdict would have been
returned.   In these instances "such defect is not any jeo-
fail after verdict."   1 Saund. Rep., 228, note 1.

*6. PLEADING : jeo-
fails.*

## II.

But a reversal cannot occur in this case on account of
the defect in the petition, for another very sufficient reason,
that the answer "explains well enough how Caldwell be-
came connected with the case," alleging that he had seized
and taken it as sheriff, etc., and "denies that he wrong-
fully detains said property."   The answer thus cures any
defect in the petition.   For the denial that defendant
"wrongfully detains" the property necessarily admits the
detention, but only denies the wrongfulness thereof.   The
defendant thereby admits that he has the property in his
possession.   The allegation in the answer that defendant
had seized and taken the property, etc., and asks for its
return and delivery to him, also shows that defendant was
in possession of the property at the time plaintiff sued out
his writ of replevin.   These allegations of the answer, by
putting in issue that fact, which the petition should have
alleged, cure such lack of allegation.   *Stivers v. Horne*, 62
Mo. 473.

Even at common law it was a rule of pleading that an

omission to state a material fact, either in the declaration ᴠ. ——. or special plea, would be obviated if the pleading of the opposite party put the matter in issue. This rule was known as "express aider." In an old case in Massachusetts the omission of a necessary averment that the defendants had mills on and below a certain mill-dam, was held supplied by a plea admitting that they were seized and in possession of certain mills, Parker, C. J., remarking: That if "the parties go to trial upon a full knowledge of the charge, and the record contains enough to show the court that all the material facts were in issue, the defendant shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy." *Slack v. Lyon*, 9 Pick. 62; Bliss on Code Plead., § 437, and cases cited.

## III.

Bills of exceptions were unknown to the common law; their origin was altogether statutory, having been introduced by the 13 Edw. I. C. 31. *Bulkeley v. Butler*, 2 Barn. and Cres. 434; *Ned v. State*, 7 Porter (Ala.) 187. The statutes of this state provide but two methods whereby a bill of exceptions may be signed during the term; one by the judge; (R. S. 1879, § 3635); the other by by-standers, in case the judge refuse to sign; (R. S. 1879, §§ 3637, 3638.) Where, however, the parties by consent entered of record at the same term when the exceptions are taken, agree that the bill may be filed on or before a day certain in vacation, the statutory rule has been so far, by long practice and decisions, relaxed, as to permit this to be done. If during the term the judge refuse to sign the bill, the party has his remedy by calling bystanders. If after the term and during the period fixed by the record agreement of the parties, he refuse to sign, relief must be sought by appealing to the mandatory authority of this court.

8. BILL OF EXCEPTIONS.

Nearly thirty years ago, a party, during the term, presented his bill of exceptions, which the judge refused to sign because not presented within five days as required by rule of court. Upon this refusal, the defendant tendered a bill of exceptions to the decision of the court in refusing to sign the bill of exceptions first tendered, and appealed from the judgment. When the cause came here it was held. " 1. This court cannot notice the bill of exceptions which the judge refused to sign, because it is not upon the record in the mode required by law, either by the signature of the judge or of bystanders. 2. Upon appeal, the bill of exceptions taken to the refusal of the judge to sign the bill previously presented cannot be noticed, because if his refusal had been improper, it is not to be corrected by appeal." *Darrah v. Steamboat,* 17 Mo. 276. The case just cited fully supports the view of the matter we took in the original opinion respecting the bill of exceptions in the case before us. A more recent case holds substantially the same view. Thus, where the judge refused to sign a bill of exceptions and so certified, etc., affidavits were taken as to its truth, but it was not signed by bystanders, and this court remarked : " But there can be no bill of exceptions at all, unless it be signed either by the judge of the court or by bystanders. This bill of exceptions was not signed at all, and must be regarded as a nullity." *Smith v. H. & St. Jo. Railroad,* 55 Mo. 601. The proper course for the defendant to have pursued in the present instance, was to have asked for a mandamus to compel the judge to sign the original bill; and his refusal to sign " cannot be corrected by appeal." 17 Mo., *supra.*

The case of *Maupin v. Virginia Lead Mining Co.,* in which a motion was made to strike out the bill of exceptions because not filed in time, differs widely from this one, in that there the bill of exceptions was signed by the judge, and was not filed in time owing to what we considered unfair conduct of the attorney of the adverse party

to whom was intrusted the duty of filing the bill. There is no such element in this case. For these reasons we deny the motion for rehearing. All concur.