SOLOMON HOLT, Respondent, v. JOSEPH HOLT, Appellant.

Kansas City Court of Appeals, March 26, 1894.

1. **Growing Crops:** FRUCTUS INDUSTRIALES: STATUTE OF FRAUDS. Annual crops raised by yearly labor and cultivation are to be regarded as personal chattels, independent of and distinct from the land and capable of being sold by oral contract, and such contract is not within the statute of frauds.

2. **Deed:** CONSIDERATION: EVIDENCE. The statement of the consideration in an ordinary deed is mere inattentive recital, and the acknowledgement of its payment a mere receipt, and they work no estoppel, and parol evidence is admissible to show the consideration is different in amount and character from that recited, as that in addition to the amount of money recited the consideration included a part of the wheat crop growing on the premises at the time of the sale.

*Appeal from the Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Booher & Williams* for appellant.

(1)    The land was sold to Anna A. Holt, January 21, 1892. The previous conversations were merged into the deed made by plaintiff. There were no reservations in the deed of any growing crop. There was no sale of the land to defendant, or of any growing crop. The deed is the evidence of the contract, and conclusively presumed to include the whole contract; no fraud, mistake or accident is alleged. *Wood v. Murphy*, 47 Mo. App. 539; *Morgan v. Porter*, 103 Mo. 135; *State ex rel. Yeoman v. Hoshaw*, 98 Mo. 358.

(2) There was no memorandum or agreement in writing signed by the defendant, either as to the purchase of the land or any interest in the growing crop. (3) Growing crops, before maturity and unsevered from the soil, are part and parcel of the land on which they grow, and pass with a conveyance of the land. *McIlvaine v. Harris*, 20 Mo. 457; *Pratte v. Coffman's Ex.*, 27 Mo. 425; *Steele v. Farber*, 37 Mo. 71; *Hayden v. Burkemper*, 101 Mo. 644. (4) And such reservation cannot be made by parol evidence where the deed to the lands makes no reservation of the crop. The deed controls. *Gibbons v. Dillingham*, 10 Ark. 9; *Turner v. Cool*, 23 Ind. 56; *McIlvaine v. Harris*, supra; *Brown v. Thurston*, 56 Me. 126. (5) Where growing crops are treated as chattels, the sale must be evidenced by some writing, in order to give to the vendee any vested interest in said crops. Tiedeman on Real Prop. [1 Ed.], sec. 799, p. 624, and cases cited.

*J. A. Sanders* and *David Rea* for respondent.

(1) The contract of sale and purchase of the land between plaintiff and defendant was not in writing. Under the contract plaintiff made a deed to the land to the wife of defendant at his request, delivered the possession of the farm to defendant, and defendant paid plaintiff the $3,000 in cash and was living on, and in the possession of, the farm at date of trial. This was such performance on the part of plaintiff as took the case out of the statute of frauds. *Farrar et al. v. Patton*, 20 Mo. 81; *Charpiot v. Sigerson*, 25 Mo. 63; *Dickerson v. Crisman*, 28 Mo. 134; *Young v. Montgomery*, 28 Mo. 604; *Price v. Hart*, 29 Mo. 171; *Self v. Cardell*, 45 Mo. 345; *Tatum v. Brooker*, 51 Mo. 148; *Orr v. McCurdy*, 34 Mo. App. 418; *Gupton et al. v.*

*Gupton et al.,* 47 Mo. 37; *Townsend v. Hawkins et al.,* 45 Mo. 286. (2) The contention is made that the deed is the evidence of the contract and conclusively presumed to include the whole contract. We say that is not the law. The consideration in a deed may be shown by parol evidence in a case like this. *Laudman et al. v. Ingram,* 49 Mo. 212; *McConnell v. Brayner et al.,* 63 Mo. 461; *Dobyns v. Rice,* 22 Mo. App. 448.

SMITH, P. J.—Plaintiff's petition alleged that he entered into a contract with the defendant whereby he, plaintiff, sold defendant a certain farm in Andrew county; that at the time of the making of said contract there was a growing crop of wheat on said farm which had been sowed by plaintiff; that the consideration for the sale of the said farm was $3,000 in money and the delivery to plaintiff of one-half of said crop of wheat after it was harvested and threshed by defendant; that afterwards in pursuance of said contract at the request of defendant the plaintiff executed and delivered a deed to defendant's wife conveying to her the title in fee to said farm; that defendant's wife paid plaintiff $3,000, the consideration expressed in the deed; that the defendant afterwards harvested and threshed the wheat, but refused to .deliver any part thereof to plaintiff, but converted the same to his own use, etc. The answer was a general denial coupled with the special defense of the statute of frauds.

The abstract sets forth much of the evidence and concludes with the statement that there was "some evidence tending to support the issue on either side." The plaintiff had judgment in the circuit court and the defendant appealed.

The contention of the appealing defendant is to the effect that the parol contract alleged in the plaintiff's petition and in support of which he offered some

evidence, is within the statute of frauds, cannot be upheld. It is now the settled law of this state that annual crops raised by yearly labor and cultivation, or *fructus industriales*, are to be regarded as personal chattels, independent of, and distinct from, the land, capable of being sold *by oral contract* without regard to whether the crops are growing or, having matured, have ceased to draw nutriment from the soil. *Smock v. Smock*, 37 Mo. App. 56; *Garth v. Caldwell*, 72 Mo. 622.

It would seem that the rule of law as declared in *McIlvaine v. Harris*, 20 Mo. 458, is overthrown by the later decision in *Garth v. Caldwell, supra,* though it is otherwise intimated in *Hayden v. Burkemper,* 101 Mo. 644; but, however this may be, it is clear enough that, under the rule declared in *Garth v. Caldwell,* that the contract alleged in the petition, while not in writing, is not within the interdict of the statute of frauds.

The defendant further contends that the deed offered in evidence is conclusively presumed to include the whole contract between the parties thereto. While this contention may be conceded to the defendant, it is, nevertheless, true that, in a deed like that in this case, where there is a mere statement of a certain amount of money without more as the consideration, it is but inattentive recital common in conveyancing of a consideration in most general use, which forms no part of the contract. The statement of the amount of the consideration in a deed, and the acknowledgment of its payment is no more than a receipt—a statement of a fact which is not necessary to the validity of the deed. It is only *prima facie* evidence of what it states, but not conclusive, except that there was some consideration. Such a recited consideration is not intended to be contractual, and therefore, works no estoppel as to amount or character, or, in other words, the parties in such

case are not estopped from showing by parol evidence the amount and character of the consideration to be different from that recited in the deed. *Jackson v. Railroad*, 54 Mo. App. 636, and the authorities there cited.

It follows that it was competent for the plaintiff to show by parol evidence that the consideration for the sale of the land was the $3,000 in money and the delivery of the one-half of the growing crop of wheat when harvested and threshed.

It is needless to say that the petition stated a good cause of action and since its allegations were established by evidence to the satisfaction of the triers of the fact under instructions which are in accord with the foregoing statement of the law the judgment must stand. Those of the defendant's instructions refused by the court, being inconsistent with that given for plaintiff, were properly refused.

The instruction given by the court at the request of the plaintiff with those given on its own motion when considered in their entirety present unexceptionable rules of law for the government of the jury. The plaintiff, having parted with his land without receiving the whole consideration which was agreed upon, was entitled to recover the deficiency.

We are unable to find any serious fault with any of the rulings of the court, and so must affirm the judgment. All concur.