## L. M. WALTHER, Respondent, v. JOSEPH STAMPFLI, Appellant.

### Kansas City Court of Appeals, January 6, 1902.

1. **Sales: GOOD-WILL: WRITING: PAROL EVIDENCE: CONSIDERATION.** Consideration of a written instrument is open to explanation by parol evidence, but the terms of a written contract of sale can not be varied by such evidence; and a contract of sale which omits to mention the good-will of the vendor and his agreement not to re-enter the business in competition with the purchaser will not support an action for such re-entry into the business.

Walther v. Stampfli.

2. **Appellate Practice:** MODIFIED OPINION. Owing to the hardship of a reversal in this case the opinion is modified so as to remand the cause.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*Geo. J. Stampfli* and *Pope & Belch* for appellant.

(1) The petition and evidence introduced by plaintiff establishes the fact that the written contract set out in the petition and introduced in evidence by her was voluntarily entered into; that each party fully understood its contents; that it was written and signed on November 2, 1898; that defendant refused to sign any other; that the money and note were given to defendant to pay for goods on 3d and 4th, and upon the final payment possession was delivered to plaintiff. Under the state of facts testified to by the plaintiff and her husband, who was her agent, the instruction in nature of demurrer to testimony should have been given. Bank v. Cushman, 66 Mo. App. 102; Bank v. Terry, 67 Mo. App. 12; New England L. & T. Co. v. Workman, 71 Mo. App. 275; Tracy v. Iron Works, 104 Mo. 193; Evans v. Brass Mfg. Co., 118 Mo. 548; Squier v. Evans, 127 Mo. 514; Water Co. v. City Aurora, 129 Mo. 540; Parker v. Vanhoozer, 142 Mo. 621; Tuggles v. Callison, 143 Mo. 527; Sutter v. Raeder, 297. (2) The court erred in admitting testimony to change the written contract. Walker v. Engler, 30 Mo. 130; Koehring v. Nuemminghoff, 61 Mo. 403; Pearson v. Carson, 69 Mo. 550; Hagar v. Hagar, 71 Mo. 610; Chrisman v. Hodges, 75 Mo. 413; Tracy v. Union Iron Works, 104 Mo. 193; Water Co. v. City of Aurora, 129 Mo. 540; Turner v. Railroad, 20 Mo. App. 632; Miller v. Dunlap, 22 Mo. App. 97; Broughton v. Null, 56 Mo. App. 231; Bank v. Cushman, 66 Mo. App. 102.

*Edwards & Edwards* and *Silver & Brown* for respondent.

(1) The trial court committed no error in admitting, under the facts of this case, the parol proof that defendant had agreed not to re-enter the furniture and undertaking business in Jefferson City. Fusting v. Sullivan, 41 Md. 162; Wells v. Rhodines, 87 Ind. 1; Pierce v. Woodward, 6 Pick. 206. To the foregoing cases, which are directly in point, we add the following analogous ones in this State: Hamilton v. Clark, 25 Mo. App. 428; Holt v. Holt, 57 Mo. App. 272; Harrington v. Railroad, 60 Mo. App. 223; Nevidek v. Meyer, 46 Mo. 600; Miller v. McCoy, 50 Mo. 215; Fontaine v. Boatman Sav., 57 Mo. 561; McConnell v. Brayner, 63 Mo. 461; Moore v. Ringo, 82 Mo. 468; Bank v. Aull, 80 Mo. 199; Sexton v. Anderson, 95 Mo. 373. Analogous case in other jurisdiction are: Miller v. Gordon, 8 Gray 542; Snow v. Alley, 151 Mass. 14; Ayer v. Bell Mfg. Co., 147 Mass. 46; Drury v. Company, 13 Allen 168; Reskland v. Medler, 20 Kan. 57; Hamilton v. Clark, 26 S. W. 515 Texas; Warner v. Landis, 137 Pa. St. 61; Life Ins. Co. v. Williams, 155 Pa. St. 405; Cullman v. Linsday, 114 Pa. St. 166; Ferguson v. Dobson, 78 N. Y. 74; Barnett v. Pratt, 37 Neb. 349; American, etc. v. Dahl, 54 Minn. 355; Vail v. McMillan Co., 17 Ohio St. 617; Machine Co. v. Gaetner, 55 Mich. 453; McGinness v. Kennedy, 292 B. (Up. Can.) 93; LaRoche v. O'Hagan, 1 Ontario 300. (2) The written contract contains a simple recital (as contra-distinguished from a matter of contract) of a consideration of $4,600 for the furniture and undertaking business and falls within the doctrine announced in this court in Harrington v. Railroad, 60 Mo. App. 223, and does not belong to those cases of which Jackson v. Railroad, 54 Mo. App. 636, and Davis v. Gann, 63 Mo. App. 425, are types. (3) A contract will generally be held severable where the price thereunder is clearly apportioned to different parts of the

work to be done, although the work itself is simple and entire.  Keeler v. Clifford, 165 Ill. 544; Siegel v. Company, 165, 550; Minor v. Bradley, 22 Pick. 457.

BROADDUS, J.—This suit was brought to the November term, 1900, of the Cole Circuit Court and is, as indicated in the petition, an action for alleged breach of contract on defendant's part not to re-enter the furniture and undertaking business in Jefferson City.

The petition charges that on November 2, 1898, plaintiff and defendant executed a written contract by which defendant, for the consideration of $4,600, sold to plaintiff a stock of furniture and his undertaking business conducted at Jefferson City, Missouri, and leased to her his store there; that said contract was only in part reduced to writing; that as an additional consideration passing to plaintiff for said purchase, defendant agreed not to enter the furniture or undertaking business in Jefferson City, while plaintiff was engaged therein at said place; that defendant assured plaintiff that he would not so re-enter said business in Jefferson City, and that it was not necessary to insert said part of the agreement in the written memorandum; that relying on defendant's said statement and agreement, she made the purchase aforesaid and paid defendant said $4,600 and entered upon the conduct of the business so purchased by her.  That defendant afterwards violated his said agreement by entering into the furniture and undertaking business in Jefferson City on or about September 1, 1899.

The answer of defendant admits the execution of the written agreement and its provisions as set out in the petition, and answers that said writing contains all the contract ever made between plaintiff and defendant in relation to the matters mentioned in it.

It is an admitted fact that on the second day of Novem-

ber, 1898, the plaintiff, who is a married woman, purchased from the defendant his stock of furniture, and furniture and undertaking business, together with all the stock and fixtures, tools and implements of every kind used by defendant in carrying on said business of furniture dealer and undertaker, included in a certain storehouse situated in the City of Jefferson, Missouri; also, one hearse, one delivery wagon, one surrey, one horse and two sets of harness.  There was also another provision in the contract in relation to the acceptation by plaintiff of defendant's building which is not necessary to the inquiry here.  This contract was in writing.

It will be noticed that the suit is not predicated on any of the written terms of the contract, but is upon a verbal agreement made by the defendant that he would not re-enter the same business in said city in competition to the plaintiff. Or, in other words, plaintiff claims that she not only bought defendant's business at said city, but also his good-will in the business.  There was evidence tending to show that at and prior to the time said writing was entered into, the defendant promised not to go into the business again; that when his attention was called to the fact that the writing did not provide for that part of the agreement between the parties, he said it was not necessary to put it in the same, and that his word was good; and that he said his good-will went with the sale.  It was claimed that the defendant had violated his contract by again entering into the business he had sold to the plaintiff at said city, and that she was greatly damaged by his competition; and evidence was introduced tending to sustain her allegation in that respect.  The jury rendered a verdict for $2,000, upon which judgment was accordingly rendered, from all which the defendant appealed.

The defendant contends that the plaintiff was not entitled to recover upon the allegations of the petition and the evidence in support thereof, for the reason that it is shown by both that the agreement sought to be enforced was a

verbal agreement made prior to the written contract read in evidence, and therefore merged in the same. On the other hand, the plaintiff contends that the agreement set up and proved does not go to the terms or conditions of the written instrument; but is merely a part of the consideration for the contract evidenced by the writing. There are many cases in the Supreme and Appellate Courts of this State wherein it is announced that it is always competent to show the consideration for deeds, receipts, releases and other contracts, notwithstanding other or different considerations are mentioned. In Holt v. Holt, 57 Mo. App. 272, it was held that the statement in a deed of a consideration is a mere inattentive recital, and parol evidence is admissible to show a consideration for a different amount. See also Hamilton v. Clark, 25 Mo. App. 428; Harrington v. Ry. Co., 60 Mo. App. 223; Sexton v. Anderson, 95 Mo. 373.

The law is equally as well settled, that the terms of a written contract can not be varied by proving prior or contemporaneous agreements. This, indeed, is but the assertion of a principle that the law student learns early and remembers easily. There is no difficulty about the law of the case. It is the application of the law to the facts of the case that the defendant complains of. And we are constrained to accept his view of the matter.

The consideration emanated from the plaintiff. She bought at a certain price the defendant's merchandise, his business as a furniture dealer and undertaker, with other personal property mentioned, and in addition, as she claims, his good-will. His good-will was one of the subject matters of the contract, as much so as the horse and wagon, or any other article mentioned in the writing. In buying his good-will, she was buying property. It should have been included in the written instrument. It was as necessary to have had it inserted in the writing as the furniture. The equity of the

case appeals strongly for the plaintiff and she must suffer a great hardship.

We do not think the plaintiff on her petition and proof was entitled to recover. The cause is reversed. All concur.

### MODIFIED OPINION.

BROADDUS, J.—The plaintiff and respondent has moved the court to modify the judgment of the case. Upon reconsideration, it is held, in view of the peculiar hardship under which she rests, that the judgment ought to be modified, so as to stand reversed and remanded, instead of only reversed, so that she may take such further action to secure whatever rights she may have in the premises, if any. The opinion is therefore modified and the cause now stands reversed and remanded. All concur.