## CANNON *v.* MATTHEWS.

Opinion delivered May 6, 1905.

REPLEVIN—GROWING PLANTS.—One who has purchased growing strawberry plants by parol contract with a view to their severance from the soil may bring replevin for their recovery.

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Reversed.

*Sam R. Chew, Henry L. Fitzhugh* and *J. Wythe Walker,* for appellant.

The strawberry plants, after they were sold, became chattels, and were subject of replevin. 87 Cal. 313; 41 Ill. 466; 32 Kan. 167; 26 Me. 126; 20 Mo. 457; 9 Cow. 40; 8 Am. & Eng. Enc. Law, 303; Cobbey, Replevin, § 353; 1 Met. 27; 1 N. J. Eq. 562; 3 Ohio St. 438; 33 Pa. St. 251; 15 Ind. 483; 36 Barb. 415; 33 Pa. St. 251; 1 Warvelle, Vendors, § 163; 16 Ark. 511.

McCULLOCH, J. The question involved in this appeal is whether growing strawberry plants attached to the soil can be the subject of replevin. Appellant, who was plaintiff below, sued in replevin for the strawberry plants growing on the land of appellee, claiming the plants under an alleged parol contract for the purchase of same. Defendant answered, denying that he had agreed to sell the plants in controversy to appellant.

At the trial below there was testimony tending to show that appellee had verbally agreed to sell to appellant all the strawberry plants on a certain tract of land, and that, after appellant had removed a part of them, a controversy arose between them as to the number of plants appellee had agreed to sell, and this suit was brought in consequence of the disagreement.

The court held that the suit could not be maintained, and directed the jury to return a verdict in favor of the defendant, which was done.

Replevin is strictly a possessory action for the recovery of personal property, and, in order to recover, the plaintiff must be the legal owner, and entitled to the possession at the time of the commencement of the action.   Cobbey on Replevin, § § 27, 73. So the right of recovery in this case must turn upon the question whether the strawberry plants sued for are to be treated as chattels, or part of the land upon which they were growing.

Many distinctions abound in the books as to the rules in determining the character of property in fruits of the soil attached thereto, whether they are to be considered chattel interests or as a part of the realty; the distinction most frequently referred to being that between such as are natural products of the soil, *fructus naturales,* and *fructus industriales,* though this distinction is rejected by many courts, and by others adopted.

The pioneer English decision on the subject seems to have been one by Chief Justice Treby at *nisi prius,* reported by Lord Raymond in 1 Ld. Raym. 182, (*Littlewood* v. *Smith,*) in which it was said that timber growing upon land might be sold by parol "because it is a mere chattel;" the court rejecting all distinctions between natural and industrial products.   This statement is by Mr. Baron Hullock in *Scovell* v. *Boxall,* 1 Young & J., 396, pronounced to be mere dictum, but the doctrine is later fully approved by English judges.

In the case of *Marshall* v. *Green,* 1 C. P. D. 35, the distinction between *fructus naturales* and *fructus industriales,* as a test of the application of the Statute of Frauds, was rejected, and the rule announced by Treby, C. J., fully approved.

In Browne on Statute of Frauds, § 254$^b$, the author, in discussing the above cited case and the tests therein referred to,

22

says: "Those tests had, it is true, the sanction of previous decisions, but neither of them had proved satisfactory or been uniformly followed. The doctrine which laid down one rule for the sale of *fructus naturales*, and another for the sale of *fructus industriales*, is objectionable, because founded narrowly upon consideration of the ownership of the crop, not at all upon consideration of the conditions of sale." The same learned author says (§ 257*a*): "Where such an agreement (for sale of growing products of the soil) makes part of the transaction, it seems clear that an interest in land is contracted for and agreed to be given. But where, as in *Marshall* v. *Green,* there is no agreement that the goods should remain on the vendor's land, the vendee's right to come in and take away what he has bought not depending upon any contract or agreement, but being a mere incident of his purchase arising by implication of law, and not subject to revocation by the owner of the land, the contract is for the sale, not of land, but of goods, and this independent of the nature of the growth sold."

Prof. Greenleaf says: "Though all that grows on the soil, whether spontaneously or by culture, ordinarily passes with the land, yet trees, grass, crops and other things fixed to the soil, and so part of the realty, may be the subject of a separate sale in prospect of severance, and in that case will be regarded as personal chattels, if so treated by the parties. The cases on this much vexed subject are extremely contradictory; but the principle now most generally recognized seems to be this, that in contracts for the sale of things annexed to and growing upon the freehold, if the vendee is to have a right to the soil for a time, for the purpose of further growth and profit of that which is the subject of sale, it is an interest in land within the meaning of the fourth section of the Statute of Frauds, and must be proved by writing; but where the thing is sold in prospect of separation from the soil immediately, or within reasonable and convenient time, without any stipulation for the beneficial use of the soil, but a mere license to enter and take it way, it is to be regarded as substantially a sale of goods only, and so not within that section of the statute. * * * The question thus turning upon the intention of the parties and the nature of the contract, it would seem to be of no importance whether the thing sold is to be sev-

ered from the soil by the vendor or the vendee; whether it is to be paid for by particular admeasurement, or in the gross; or whether the subject of sale consists of trees and other spontaneous products, or of *fructus industriales.*"    I Greenleaf's Cruise, p. *55, note 1.

The doctrine announced has been declared by many of the courts of this country.    *Cutler* v. *Pope,* 13 Me. 377; *Cain* v. *McGuire,* 13 B. Monroe, 340; *Smith* v. *Bryan,* 5 Md. 151; *Bostwick.* v. *Leach,* 3 Day, 476; *McClintock's Appeal,* 71 Pa. St. 365; *Sterling* v. *Baldwin,* 42 Vt. 306.

Courts of other States adhere to the distinction between natural products and fruits of industry, and hold that an oral sale of the latter is sufficient, but of the former insufficient to pass title before severance.  *Vulicevich* v. *Skinner,* 77 Cal. 239; *Armstrong* v. *Towson,* 73 Ind. 498; *Smock* v. *Smock,* 37 Mo. App. 56; *Hirth* v. *Graham,* 50 Ohio St. 57; *Slocum* v. *Seymour,* 36 N. J. L. 138; *Carson·* v. *Browder,* 2 Lea (Tenn.), 701; *Howe* v. *Batchelder,* 49 N. H. 204; 2 Schouler, Pers. Prop. § 452; 1 Warvelle on Vendors, § 163.

This court held in *Kendall* v. *J. I. Porter Lumber Co.,* 69 Ark. 442, that a deed conveying growing trees, authorizing the grantee to remove them from the soil within a definite time, was a conveyance of an interest in the soil, within the purview of the registration laws.

Without undertaking to discriminate between the line of authorities herein cited, we hold that the property sued for in this case falls clearly within the classification of fruits of industry, and not natural products.    According to either of the lines of authorities cited, it must be treated as personal property, and the subject of replevin.   Cobbey on Replevin, § 73; Shinn on Replevin, § § 226, 227; Wells on Replevin, § § 74, 75; *Matlock* v. *Fry,* 15 Ind. 483; *Garth* v. *Caldwell,* 72 Mo. 622.

The court erred in directing a verdict for defendant.

Reversed and remanded for a new trial.