## GVOSDANOVIC v. HARRIS *et al.*

No. 2419.    Opinion Filed May 27, 1913.

Rehearing Denied September 9, 1913.

(134 Pac. 28.)

1.  **APPEAL AND ERROR—Time for Appeal—Overruling of Demurrer.** Where an appeal was begun within one year after the rendition of the judgment of the trial court, which was the time prescribed by the statute then in force for perfecting appeals, an assignment of error, complaining of the overruling of a demurrer to the petition, may be considered, although the order overruling the demurrer occurred more than one year before the commencement of the appeal in this court.

2.  **INJUNCTION — Landlord and Tenant — Interference With Possession—Petition—Sufficiency.** In an action for injunction a petition that fails to show that plaintiff has no plain, speedy, and adequate remedy at law is demurrable.

3.  **LANDLORD AND TENANT—Possession of Crop—Construction of Contract.** Where a tenant cultivates and matures a crop of corn under a rental contract providing that he shall pay a portion of the crop as rents, and shall gather same and deliver to the landlord his rents at some place upon the premises, or at some other place, to be designated by him, the tenant has a right to the possession of the entire crop of corn until the same is gathered and divided, and can maintain replevin therefor.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by George A. Harris and another against Thomas Gvosdanovic. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*W. K. Moore,* for plaintiff in error.
*Wm. S. Cline,* for defendants in error.

HAYES, C. J. Defendants in error brought this action in the court below to obtain an injunction, enjoining plaintiff in error from in any way interfering with their possession of a certain tract of land. consisting of about 120 acres, and from interfering with their harvesting of a crop of corn on said tract of land. A motion to dissolve a temporary injunction granted by the trial court was overruled; but the evidence, taken on the hearing of that motion, is not preserved in the record. Thereafter a demurrer to the petition of defendants in error, hereinafter referred to as plaintiffs, was filed by plaintiff in eror, defendant below, which motion was overruled. Defendant thereupon filed his answer, which was a general denial. A trial resulted in a judgment in favor of plaintiffs, making permanent the temporary injunction therefore granted.

The assignment of error which complains of the overruling of the demurrer to the petition of plaintiffs is the only assignment we need consider. It has been urged that we cannot consider this action of the court below because more than a year elapsed from the overruling of the demurrer before the institution of the appeal in this court; but the appeal in this court was begun within one year after the rendition of the judgment of the trial court, which was the time prescribed by the statute then in force within which proceedings in error to review final judgments might be brought, and the overruling of the demurrer may be considered. *Love et al. v. Cavett,* 26 Okla. 179, 109 Pac. 553.

Plaintiffs allege in their petition in the lower court substantially that they rented from defendant, for the year 1909, a certain quarter section of land in Kay county, except the orchard, vineyard, pasture, and mow lands of said quarter section, which were retained by defendant; that they were to plant said lands so rented in corn, and were to give to defendant one-third of the corn grown thereon, to be delivered to him on the place or in Ponca City, as defendant should elect. The lands rented consisted of about 120 acres in cultivation, upon which was cultivated and grown by plaintiffs a crop of corn, which was matured and ready to be gathered when defendant employed hands, wagons, and teams, entered the field, and began to gather same. He locked the gates to prevent the entrance of plaintiffs into the field, and threatened to shoot one of plaintiffs if he entered the place to gather the corn. Entrance into the field could be made by plaintiffs only by breaking the locks and chains which had been placed upon the gates by defendant. They allege that defendant has no property out of which they could collect any judgment for damages. The petition fails to state a cause of action for injunction, in that it does not show that plaintiffs have no plain, speedy, and adequate remedy at law.

Since by their contract plaintiffs were to gather the crop of corn raised by them, and to divide the same and deliver to defendant his one-third, plaintiffs had a right to the possession of said corn until the same had been gathered and divided, and they could maintain replevin therefor. *Cunningham v. Baker,* 84 Ind. 597; *Garth v. Caldwell,* 72 Mo. 622; *Matlock v. Fry,* 15 Ind. 483; *Hecht v. Dettman,* 56 Iowa, 679, 7 N. W. 495, 10 N. W. 241, 41 Am. Rep. 131; *Cannon v. Matthews,* 75 Ark. 336, 87 S. W. 428, 69 L. R. A. 827, 112 Am. St. Rep. 64, 5 Ann. Cas. 478; Cobbey on Replevin, sec. 36. And if plaintiffs were entitled under their contract to possession of the leased premises until after removal of the crop

therefrom, they could have maintained an action of forcible entry and detainer, which ·would have afforded them a remedy for the recovery of the premises from which they had been evicted by their landlord, and a recovery of the crop of corn standing thereon.

For the reason that the court erred in overruling the demurrer to plaintiffs' petition, the judgment of the trial court is reversed, and ·the cause remanded.

All the Justices concur, except WILLIAMS, J., not participating.