STUTTGART RICE MILL CO. *v.* REINSCH.

Opinion delivered March 27, 1916.

1.  EMBLEMENTS—SALE OF LAND.—Land was sold under foreclosure of a deed of trust, the trust deed not covering the growing crops; before the sale the crops were cut and removed. *Held,* the purchaser did not acquire the crops.

2.  SALES—TITLE TO CROPS—DEFENSES.—In an action against appellant by appellee, for the value of certain rice which had been deposited in appellant's mill, the appellant may set up both defenses, that it held the rice for one P. who held the same under authority of appellee, and that P. had acquired the same under a commissioner's sale.

Appeal from Arkansas Circuit Court; *Thos C. Trimble,* Judge; reversed.

*Robert E. Holt,* for appellant.

1.  Appellee is bound by the decree and subsequent proceedings in the foreclosure suit of Hoyt, trustee, against Reinsch *et al.* He was a party defendant, and Dahne, his tenant, was likewise a party defendant. So far as Reinsch is concerned, the proceedings in the chancery are "*res adjudicata.*"

2.  The matter set up in appellant's amendment to answer with reference to the abandonment of the rice crop to J. I. Porter by Reinsch and appellee's reply thereto raised a question of fact which should have been submitted to the jury for adjudication. It was error to withdraw the case from the jury.

*J. E. Ray,* for appellee.

1.  The rice was harvested before the sale under the decree and did not pass on sale of the land. 3 Jones on Mortg., pp. 195, 238; Kirby's Digest, § 6323; 22 Ark. 23; 23 *Id.* 601. A growing crop is a chattel. 75 Ark. 336; 93

Ind. 411. Porter did not purchase the rice, and knew it. 47 Ark. 320.

2. The bankrupt court set this rice aside as exempt, and its action is final. Loveland on Bankruptcy, pp. 85, 119, 93 etc.; 178 U. S. 542; 198 *Id.* 539; 96 Fed. 758.

3. Porter and the bank are both bound by the judgment of the bankruptcy court, and can not attack it collaterally. 73 Ark. 480; 33 *Id.* 522; 10 Ann. Cas. 740; 18 *Id.* 600; 96 Ark. 540.

4. The sale of the rice was void. The court properly directed a verdict. 43 Ark. 220. It is clear there was no violation of the parol evidence rule. 27 Ark. 511; 3 Page on Cont., § § 1339, 1348-9; 2 *Id.*, sections 608-1206.

Smith, J. Appellee was the plaintiff below and alleged in his complaint that on February 2, 1914, he leased to Charles Dahne a tract of land on which to grow a crop of corn and rice. The contract was for an agreed share of crop, which was to be one-half of the rice and one-third of the corn. The contract was later so changed that Dahne agreed to furnish everything relating to the crop, and to pay only one-fourth of the rice. When the crop had been harvested, Dahne delivered appellee's share to the Stuttgart Rice Mill Company, and this suit was brought for the value of the rice so delivered, upon the refusal of the mill company to pay appellee therefor. Proof was offered in support of these allegations.

On behalf of the mill company it was shown that on June 27, 1912, appellee had conveyed the land on which the crop was grown to one J. G. Hoyt, as trustee, to secure an indebtedness there described. A decree of foreclosure of this deed of trust was rendered on September 10, 1914, and a sale was had under this decree on October 30, 1914, which was reported to and approved by the court at its February term, 1915.

The commissioner who was appointed to make the sale under the decree executed a bill of sale which contained a recital of the rendition of the decree of sale of the land and of the purchase of J. I. Porter at the sale had thereunder, and that at the time of the rendition of said decree

of sale there was growing on the land a crop of rice, which constituted a part of the real estate, and that the rice crop had been severed from the soil and was then in the warehouse of the rice mill company at Stuttgart. In consideration of these recitals, and of the sum paid by Porter at the commissioner's sale of the land, the bill of sale was executed by the commissioner to Porter on February 10, 1915. It was further contended by the mill company that appellee had directed Porter to apply the proceeds of his share of the rice to the payment of a second mortgage held by the German-American Bank, of which Porter was president, and that when the check for the value of the rice was given Porter, he had applied this check to that indebtedness pursuant to the agreement made at the time the car of coal was paid for. Appellant mill company offered at the trial to introduce in evidence the report of the commissioner showing the sale of the rice, and that this report had been endorsed, examined and approved by the chancellor; but the court excluded this evidence. Appellant offered evidence to the effect that appellee found himself unable to comply with his contract with Dahne in regard to the cultivation of the land, and applied to Porter for assistance, and agreed that Porter, if he would buy the coal required in the farming operations, might apply appellee's interest in the rice crop to the payment of the indebtedness due by appellee to the bank. The court also excluded this evidence, and at the conclusion of the evidence directed the jury to return a verdict for the admitted value of the rice, and this appeal has been duly prosecuted from that judgment.

The deed of trust foreclosed did not cover the growing crops, and the proof is that the rice was cut and removed from the land by October 15, before the commissioner's sale on the 30th. Under these circumstances, the court below was correct in his view that the purchaser did not acquire the crop, which had been removed from the land before his purchase, and might very well have directed the verdict, as was done, if this had been the only question raised by the evidence. But such was not the

case. The mill company presented the defense that appellee had applied this rice to the satisfaction of his debt due the bank when he induced Porter to pay for a car of coal required in Dahne's farming operations. Although this result was alleged to have been consummated by a parol sale of the growing crop, such agreement was valid, if made. *Cannon* v. *Matthews,* 75 Ark. 336.

It is argued that this defense is contradictory to the one that Porter acquired the title at the commissioner's sale. But inasmuch as the mill company appears to have been acting for Porter, who seems to be the real party in interest, we think making one of these defenses did not estop the mill company from also making the other, and as appellee would have no right to recover the value of this rice if he had, in fact, sold it to Porter for the benefit of the bank, the court should have submitted that issue to the jury, and for the failure so to do, the judgment will be reversed and the cause remanded.