## HARRIS et al. v. GVOSDANOVIC.

No. 6871—Opinion Filed June 20, 1916.

(158 Pac. 572.)

**1. Appeal and Error—Review — Successive Appeals—Law of the Case.**

Where a case has been reversed for the reason that the petition failed to show that plaintiffs had no plain, speedy, and adequate remedy at law, and the plaintiffs amend such petition in the trial court by setting up the same facts and some additional facts, but the petition still fails to show plaintiffs had no plain, speedy, and adequate remedy at law, the decision of the Supreme Court on the first appeal is the law of the case.

**2. Same.**

When a petition, held by the Supreme Court subject to demurrer, is amended in the trial court and sets up no new matter show-

ing that plaintiffs had no plain, speedy, and adequate remedy at law, and the trial court sustains a motion to strike the petition and dismisses the cause, its action will not be disturbed on appeal.

(Syllabus by Clay, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by George A. Harris and another against Thomas Gvosdanovic. Judgment for defendant, and plaintiffs bring error. Affirmed.

W. S. Cline and E. L. Cline, for plaintiffs in error.

W. K. Moore, for defendant in error.

Opinion by CLAY, C. Upon a rehearing of this cause, the original opinion, with some modifications in the language and reasoning thereof, is adhered to. The parties hereto will be referred to as they appeared in the trial court, plaintiffs and defendant, respectively.

This is an appeal from the judgment of the district court of Kay county striking the petition and dismissing the cause for the reason that the petition was, in substance, the same as the original, held by the Supreme Court insufficient as not stating a cause of action. The original cause of action was an application to the court for an injunction to restrain the defendant from interfering with plaintiffs' possession as tenants of certain premises, and from interfering with the gathering of the crop of corn grown thereon; a temporary injunction was granted, a receiver appointed, and upon trial an appeal was had to the Supreme Court. The Supreme Court held that the demurrer to the petition should have been sustained, that plaintiffs had a plain, speedy, and adequate remedy at law, and reversed the case and remanded it to the lower court. Gvosdanovic v. Harris et al., 38 Okla. 787, 134 Pac. 28. The petition was then amended in the trial court by setting up the same facts alleged in the original petition, and the further alleged facts that the plaintiffs and defendant, at the time the receiver was appointed, had entered into the following agreement:

"Perry, Okla., Oct. 29, 1909.

"It is hereby stipulated and agreed by and between the plaintiffs and the defendant that while the plaintiffs contend that it is a part of their contract to gather the rent corn, and the defendant contends that he shall have one-half of the corn in the field, that if the defendant so prefers, he can gather his one-third of the corn, under the direction of the receiver and that he can also gather one-sixth of the corn under the direction of the receiver, said one-sixth to be stored as above provided in the judgment of the court in this case, that if the defendant gathers said one-third and one-sixth as herein provided, then he shall do so at his own expense, and the plaintiffs shall in no way be liable for the expense of the gathering of said one-third and one-sixth.

"G. A. HARRIS.
"R. M. GASTINEAU.
"W. K. MOORE.

"Exhibit A. Filed Oct. 30th, '90.
"Ed. P. Reed, Clerk, D. C. 60 60."

The petition further alleged the appointment of a receiver, and that the issue as to the ownership of the corn had been submitted to a jury, and the jury found the issues in favor of the plaintiffs.

To this amended petition the defendant filed a motion to dismiss, and the court sustained the motion and struck plaintiffs' petition from the files, to which action of the court plaintiffs excepted and bring the cause to this court for review.

The Supreme Court of this state upon a former appeal of this case (38 Okla. 787, 134 Pac., 28), held that plaintiffs had a plain, speedy, and adequate remedy at law and that therefore the petition failed to state a cause of action. The amendment of the petition sets forth no new fact that did not exist at the time the original petition was filed. There is nothing in the amended petition that in anywise shows that plaintiffs did not have a plain, speedy, adequate remedy at law, and the judgment of the Supreme Court in the former case, upon the same state of facts, is the law of this case.

The cases of McGowen v. Parish, 237 U. S. 285, 35 Sup. Ct. 543, 59 L. Ed. 955, and Re Metropolitan Railway Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403, cited by plaintiffs, we think are not in point in this case. In each of those cases there was a consent decree entered during the pendency of the trial, and thereby the parties waived the questions presented in this case. In this case the defendant has at all times resisted the right of the court to hear and determine this action, and has not at any time consented that the district court might enter any decree, but has attacked its right to enter any decree in this cause at all proper times and in the proper manner.

We have considered the motion to dismiss and the briefs filed by the respective parties together, and think that the petition fails to show that plaintiffs did not have a plain, speedy, and adequate remedy at law, and that the former decision in this case is the law of the case and that we are bound by the same.

We therefore recommend that the judgment of the trial court striking the petition and dismissing the case be affirmed.

By the Court: It is so ordered.