The Quinebaug Bank *against* Leavens and another.

*New-London,*
July, 1849.

Quinebaug
Bank
*v.*
Leavens.

| 20 | 87 |
| 72 | 111 |
| 72 | 114 |

Where the plaintiffs in the suit were a bank corporation, and one of the jurors who tried the cause, was, at the time of the trial, father of a stockholder in such bank ; which was unknown to the defendant and his counsel until after the verdict, which was in favour of the plaintiffs ; on a motion in arrest, it was held, that although the motion disclosed a sufficient ground of principal challenge, if made at the proper time, yet as it did not show, that the defendant had exercised the requisite diligence to make enquiry, the verdict ought not to be set aside.

THIS was an action against the defendants, as indorsers of an inland bill of exchange ; tried, on the general issue, at *Norwich, March* term, 1849 ; when the plaintiffs obtained a verdict.

The defendants thereupon moved that the verdict be set aside, on the following ground. *Peleg Thomas*, who was one of the jurors who tried the cause, is the father of *Edward Y. Thomas*, who is, and was, at the time of the trial, a stockholder in *The Quinebaug Bank*, and thus interested in the cause ; which facts were unknown to the defendants, and to their counsel, until after the verdict was rendered.

The superior court found these facts to be true ; and reserved the question arising thereon, for the consideration and advice of this court.

*Foster*, in support of the motion, contended, 1. That the natural persons of whom the corporation consists, *i. e.*, the stockholders—are parties to the suit ; and the fact that a juror is of affinity to any such member of the corporation, is a ground of principal challenge. *Mellor* v. *Spatemen*, 1 *Saund.* 344. 1 *Sw. Dig.* 737, 8. Besides, the motion finds, that the juror's son was interested in the cause.

2. That as the ground of challenge, in this case, was unknown to the defendants and their counsel, at the time of the trial, they had no opportunity to take exception to the juror then ; and consequently, they can now have relief only by this motion. The case comes within the reason of the statute disqualifying judges. *Woodbridge* v. *Raymond, Kirby,* 279.

*New-London,*
*July, 1849.*

Quinebaug
Bank
*v.*
Leavens.

*Strong* and *E. Perkins,* contra, after remarking that the interest in the juror was merely *technical,* having no tendency to deprive the defendants of an impartial trial, contended, 1. That the defendants, having had an opportunity to challenge the juror, when they were enquired of, according to the established practice, by the judge, whether they had any objections to the jurors called, and having been thus put upon enquiry, will now be taken to have known all the facts which that enquiry would have placed in their possession. They cannot now take advantage of their own negligence. *Selleck* v. *Sugar Hollow Turnpike Company,* 13 *Conn. R.* 453. 459.

2. That the motion does not allege any facts showing the existence of an actual disqualifying interest in the juror. There is no pretence that the juror himself had the slightest pecuniary interest; but it is said, that *his son* had such an interest. This would not influence the mind of the juror in the least, unless the fact was *known* to him, at the trial. But such knowledge is not alleged or found; nor will the law presume it from the facts which are alleged and found. The motion is therefore fatally defective, on this ground.

CHURCH, Ch. J. The question here arises upon a motion in arrest of judgment, which alleges, that one of the jurors in the cause, was the father of one of the stockholders in the *Quinebaug Bank,* the prevailing party in the action; of which fact the opposite party was ignorant, when the jury was impanneled.

Motions in arrest of judgment, in this state, for causes not apparent of record, are, in truth, only applications for new trials, and are so called and so treated elsewhere. And when such motions prevail, a *venire facias de novo* is awarded. We see no occasion, therefore, to apply different principles to these different modes of applying for new trials.

The rule is well known, that a petition for a new trial for extrinsic causes, will not be sustained, if the ground of it existed at the time of trial, and was either known to the petitioner, at the time of trial, or might have been known by him, by using due diligence. 1 *Sw. Dig.* 816. (*Dutton's* ed.) The rule is a salutary one, and is as applicable to motions in arrest of judgment filed in court, as to petitions for new trials under our statute, duly served and returned into court.

Verdicts and judgments ought not to be disturbed for slight causes, and when it is not apparent nor reasonably to be presumed that trials have not been full and fair, especially when no controuling principle of law has been disregarded or mistaken.

*New-London,*
*July, 1849.*

Quinebaug
Bank
*v.*
Leavens.

There is no doubt but the cause of objection to the juror, alleged in this motion, furnished a legal ground of principal challenge, if it had been made in due time ; but it was of such a nature that parties might well waive it. 3 *Co. Litt.* 519. (*Day's* ed.) *Mellor* v. *Spateman*, 1 *Saund. R.* 344. 11 *Petersdorf's Abr.* 74. But it does not appear, by any averment in this motion, that the defendants used any diligence, or made even the ordinary enquiries of the jurors themselves, or otherwise, as to their qualifications ; although from the fact that a banking corporation was the plaintiff, consisting of numerous stockholders, they might well suspect, either that some stockholder, or one or more of their many relatives, might be found upon the jury. This could have been ascertained, by a moment's enquiry. Instead of making this enquiry, when called upon by the court for objections to jurors, as is usual in our practice, or at any time before ; the defendants, as we may presume, preferred to take the risk of a verdict, and if it should be against them, then to look about for objections. There can be but little difference, in legal effect, between the actual knowledge of this relationship, by the defendants, at the time of the trial, and their gross negligence in not ascertaining it. And it would be unjust to subject the plaintiffs to the expense of a new trial, by reason of such negligence ; especially, as they might well have believed, from the trivial nature of the objection, that the defendants intended to waive it. If an enquiry had been made of the jurors, and this relationship had not been disclosed, or other reasonable pains had been taken, our opinion would have been otherwise.

In the case of *King* v. *Sutton* & al., 8 *B. & Cress.* 417. (15 *E. C. L.* 252.) Lord *Tenterden*, Ch. J., said, "that he was not aware, that a new trial had ever been granted, on the ground that a juror was liable to be challenged, if the party had an opportunity of making the challenge." And this was said in a case where the ground of challenge was not known to the party until after the trial. And we under-

*New-London,*
*July, 1849.*

stand, that this suggestion was approved by this court, in the case of *Selleck* v. *The Sugar Hollow Turnpike Company,* 13 *Conn. R.* 453.

It is said, that the early case of *Tweedy* v. *Brush, Kirby,* 13., is opposed to this opinion; but the question here made was not suggested in that case.

For the reasons now stated, the court will advise, that the motion in arrest of judgment be overruled.

In this opinion the other Judges concurred.

Motion in arrest overruled.