# GRAFTON,

## JANUARY TERM, A. D. 1850.

### STATE *v.* PIKE.

A motion for a continuance is addressed to the discretion of the court, and a denial of it does not furnish ground for setting aside a verdict.

A verdict will not be set aside for prejudice in the mind of a juror, where, notwithstanding evidence that he had expressed an opinion, the juror himself denies that he had formed or ever intended to express any, and that he was in fact informed of but little of the case, as it appeared in evidence.

If a paper which had been read to the jury, be accidentally retained by one of the counsel, the verdict will not for that cause be set aside, if it appear that the jury remembered its contents, and the absence of the paper was of no prejudice to the unsuccessful party.

INDICTMENT, for conspiring with Stephen B. Brewster, and other persons, to the jury unknown, to defraud one William A. Woods of a large quantity of wood, by pretending to purchase the same.

When the attorney-general had closed the evidence for the State, a motion was made by the defendant's counsel for a continuance, on account of the absence of a material witness, residing without the State. Affidavits were exhibited, showing the facts to which the witness would testify, the means taken to cause his attendance, and the reasons for his not attending at the time of the trial. Notice of the facts had been given before the trial commenced, and delay requested, in the hope that the witness might attend at a later day of the term. The court denied the motion for continuance, and the jury found a verdict against the defendant.

State *v.* Pike.

The defendant then moved that the verdict be set aside for the supposed error of the judge, in denying the motion; also, for the following causes: 1. Because one of the jurors had formed and expressed an opinion of the respondent's guilt prior to said trial, which was not known to the respondent till after the trial. 2. Because a letter from the respondent to his brother, used at the trial, was in the possession of the attorney-general, and was not delivered to the jury with the other papers in the case.

*Morrison,* for the respondent.

*Sargent,* solicitor, for the State.

Gilchrist, C. J. The continuance, or other delay of the trial of a cause that is in order for trial, is obtained upon motion of the party desiring it, addressed to the discretion of the judge. This discretion is not reduced to rules, although certain rules have been framed with a view of limiting its exercise. But it was not their design to change, in any manner, the general cognizance of the court over the matters to which they relate, which must, from its nature and aim, be final and exclusive. Perhaps the exercise of this discretion has in some particulars and for a long time been so uniform as to have established a rule of practice upon which parties have a right to depend. If so, however, it is a rule which can be enforced only in the court where the occasion for its application arises, and at the time when that occasion arises. A refusal of the judge to apply the rule, or his mistake or error in its application, has never been held to furnish any just ground of exception to a verdict. This court, therefore, cannot properly revise the grounds upon which the motion for a continuance was urged and denied in the court below, upon the exceptions which have been taken and reported. If it should appear that, in denying the application for a continuance, the Court of Common Pleas had departed

State v. Pike.

from the course of established practice, it would not furnish sufficient ground for disturbing the verdict. *Raynard* v. *Brecknell*, 4 Pick. 302.

The defendant moves for a new trial upon the ground that one of the jurors had, previously to the trial, formed and expressed an opinion unfavorable to the defendant.

On this point there are affidavits which tend to show that the juror had formed and expressed an opinion that the defendant was guilty of the offence charged. But the affidavit of the juror himself is very clear and explicit to the contrary. One of the conversations referred to in one of the first named affidavits is explained, and differently stated by the juror; and as to the others, he expresses the belief that the witnesses must have only partially heard, or have misunderstood what was said. He moreover testifies that he was wholly unconscious of any bias at the trial, and had never heard of many of the important facts which were disclosed by the evidence at the trial.

Upon carefully considering the affidavits, we are of the opinion that a case is not made by them for the defendant, and that his motion for this alleged cause should not prevail.

The other exception to the verdict, is, that a certain letter which had been read to the jury was not laid before them with the other papers, but was in the possession of the attorney-general, who had left town.

It is said, in Howe's Practice 256, that "it is the practice here to suffer the jury to take with them all the written evidence which has been used in the case, though at common law the practice is different;" and that, by the English practice, books and papers not under seal are not delivered to the jury except by consent of the parties. This case does not furnish us occasion to declare what might be the consequences of designedly withholding a paper that had been read to the jury at the trial, or whether in such event the court would stop to inquire if the paper

were an important one or not. In *Page* v. *Wheeler*, 5 N. H. 91, it was held, that where immaterial papers were by mistake delivered to the jury, the irregularity furnished no just ground for exception. Perhaps that rule may furnish an analogy for our guide in the present case, where the paper was retained through accident, and does not appear to have been of much consequence in fact.

The foreman states in his affidavit that the paper was not mentioned during the deliberations of the jury, as producing, or having any tendency whatever to produce, a difference of opinion among them ; that there was no dispute between any of the jurors as to the contents of the paper; that the letter and its contents were talked over, and all agreed as to its contents.

We are unable, upon view of this evidence, to perceive any manner in which the detention of the paper could have prejudiced the defendant. There must, therefore, be

*Judgment on the verdict.*