HARRINGTON *v.* MANCHESTER & LAWRENCE RAILROAD.

| 62 | 77 |
| 67 | 148 |
| 62 | 77 |
| 70 | 132 |
| 62 | 77 |
| 74 | 321 |

The fact that the foreman of the jury was uncle of the treasurer of the defendant corporation, who was also a stockholder and a witness on the trial, is not sufficient ground for setting aside the verdict, when diligence has not been used to ascertain the juror's disqualification, and objection is not made before the verdict.

CASE, for personal injuries. After the trial, and a verdict for the defendants, the plaintiff moved to set the verdict aside because the foreman of the jury was an uncle of the defendants' treasurer, a stockholder in the corporation, and a witness on the trial. The juror was regularly drawn from a town in the county, and had been in attendance as a juror eight days before the trial. The juror understood that the defendants' treasurer was a stockholder. Motion denied.

*Sulloway, Topliff & O'Connor*, for the plaintiff.

*J. W. Fellows* and *C. H. Burns*, for the defendants.

ALLEN, J.   It is repugnant to the natural sense of justice that one pecuniarily interested in the event of a trial, or related to either party to the cause, should decide, or take part in deciding, its merits.   The preservation of confidence in jury trials, and of purity in the administration of justice, requires that jurors should be free from objections which are everywhere recognized as disqualifying, and that they should be " as impartial as the lot of humanity will admit."   Bill of Rights, Art. 35.   The smallest pecuniary interest in the result of a cause disqualifies a juror from sitting, and is a sufficient ground for a challenge for cause (*Page* v. *Contoocook Valley Railroad*, 21 N. H. 438, *Smith* v. *B. C. & M. Railroad*, 36 N. H. 458) ; and near relationship by blood or marriage to a party in interest has always been regarded as having the same effect.   *Bean* v. *Quimby*, 5 N. H. 98 ; *Gear* v. *Smith*, 9 N. H. 63 ; *Sanborn* v. *Fellows*, 22 N. H. 473 ; *Moses* v. *Julian*, 45 N. H. 52, 56.   The stockholder of a corporation having for its object a dividend of profits, though not a party in a strict or technical sense when the corporation sues or is sued, is necessarily interested in the result of the proceeding, and is so far a party in interest as to come within the disqualifying rule ; and neither he, nor his near kindred, would ordinarily be permitted to sit as a juror.   *Page* v. *Contoocook Valley Railroad, supra ; Smith* v. *B. C. & M. Railroad, supra ; Moses* v. *Julian, supra ; Quinebaug Bank* v. *Leavens*, 20 Conn. 87 ; *Place* v. *Butternuts Mfg. Co.*, 28 Barb. 503 ; *Ranger* v. *Great Western Railway Co.*, 5 H. L. Cas. 1854.   The nephew of the foreman of the jury was not only a stockholder in the defendant corporation, but was also an important officer testifying in the case, and to some extent representing the defendants.   He was so far identified in interest with the corporation, and known to the juror to be so, that the relationship was a disqualifying objection, and a sufficient cause for challenge.

It has not been the usual practice to disturb a verdict for a disqualification of one of the jurors rendering it, when the objection has not been taken until after verdict, and was known, or by reasonable diligence might have been known, to the party making it, before the trial or before verdict ; and the burden of showing want of knowledge, and due diligence in discovering the objection, has, as a rule, been placed on the party moving for a new trial.   In *Rollins* v. *Ames*, 2 N. H. 349, it was decided that the fact that a juror had, as a magistrate, taken the depositions of the witnesses of one party was good ground for a challenge, but objection was not made until after the verdict ; and the verdict was not disturbed, because only one of the two attorneys for the excepting party made and submitted his affidavit that he was not aware of the

objection before the verdict. It did not appear that the other attorney, or the party himself, was aware of the fact of legal incapacity in season to have taken advantage of it before verdict. In *State* v. *Hascall*, 6 N. H. 352, 360, the objection was that the juryman was drawn more than the required time of twenty days before court, and it was decided that it was too late to take the objection after verdict, on the ground that the party and his counsel had had opportunity to examine the venires and discover the irregularity before trial, and, failing to do this, the objection was waived. To the same effect are *Wilcox* v. *School District*, 26 N. H. 303, where only one selectman was present at the drawing of jurors, and the irregularity did not appear in the return upon the venire, but only in the records of the town; *Bodge* v. *Foss*, 39 N. II. 406, 407, where the objection was, that the officers who attended to the drawing of jurors had not been chosen under a new organization of the town after its division by the legislature; and *Pittsfield* v. *Barnstead*, 40 N. H. 477, 497. In all these cases the objection was taken after verdict, and neither the parties nor their attorneys had knowledge of the objection at the time of trial. Having opportunity, and failing to seasonably examine the returns upon the venires and the records of the town, the objection could not prevail. In *State* v. *Daniels*, 44 N. H. 383, 385, the objection was, that the juror was prejudiced by previous conversation about the case, and it did not appear that the prejudice was not known to the respondent or his counsel before verdict, and a new trial was refused. In *Wassum* v. *Feeney*, 121 Mass. 93, the objection that a juror was an infant was not taken until after verdict; and though the fact of infancy was not known to the party or his counsel during the trial, it was decided that there had been sufficient opportunity to learn the fact, and make the objection at the time the jury was impanelled to try the case, and that objection after verdict came too late. In the opinion, it is said that the same rule applies to a juror disqualified by reason of interest or relationship; and *Jeffries* v. *Randall*, 14 Mass. 205, and *Woodward* v. *Dean*, 113 Mass. 297, are cited as authorities. Even in a capital case, application of the rule has been made to a juror not of the county or vicinage as required by the constitution. See anonymous case referred to in *Amherst* v. *Hadley*, 1 Pick. 38, 41, 42. In *Quinebaug Bank* v. *Leavens*, 20 Conn. 87, objection after verdict was made, that a juror was the father of a stockholder of the bank, and that the fact was not known to the defendant or his counsel before verdict. This was decided to be a sufficient ground for challenge, but the objection came too late, the defendant not having been diligent in inquiry to learn the fact before verdict.

The general rule derived from the cases is, that if the party has used reasonable diligence to ascertain the competency of a juror, and has failed to discover disqualifying facts afterwards proved, and which might operate to his prejudice in the trial, the verdict

will be set aside; otherwise not. Proffat's note to *Rollins* v. *Ames*, 9 Am. Dec. 79, 82. It does not appear, from any facts in the case, that the plaintiff used diligence in discovering the relationship of the juror to a stockholder of the defendants, and the motion to set the verdict aside was properly denied.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.