CITY OF ST. LOUIS, Respondent, *v.* J. D. CRUIKSHANK
ET AL., Appellants.

February 24, 1885.

1. MUNICIPAL CORPORATIONS — PLEADING — CONDITIONS PRECEDENT. — In
   proceedings to open an alley founded on an ordinance which provides
   that it shall be void unless the owners of a certain described strip of land
   shall dedicate it for alley purposes within a given time, the petition
   must aver such dedication under the terms of the ordinance.

2. —— STREET OPENING — ASSESSMENT OF BENEFITS — EXCEPTIONS TO
   REPORT. — The owner of property against which benefits are assessed
   for the opening of a street may except to the commissioners' report on
   the ground that the ordinance upon which the proceeding is founded is
   invalid.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*

J. M. HOLMES, for the appellants: There must be aver-
ment and proof of performance, of a condition precedent
appearing on the face of the cause of action. — *Bayse* v.
*Ambrose*, 32 Mo., 484; *Mier* v. *Heinrichschoffen*, 52 Mo.
333; *Stout* v. *St. Louis Tribune Co.*, 52 Mo. 342; *Breich-
eisen* v. *Coffey*, 15 Mo. App. 80.

LEVERETT BELL and T. H. CULVER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by the city of St. Louis, under the
provisions of article VI. of its charter, to condemn certain
land for the purpose of an alley. Such proceedings were
had that certain benefits were assessed against two lots of
Mrs. Josephine B. Noonan. Mrs. Noonan filed a number
of exceptions to the report of the commissioners in the cir-
cuit court, and these being overruled, and the report con-
firmed, she filed motions for new trial and in arrest of
judgment, which were also overruled, and she then ap-
pealed.

The exception principally insisted upon in this court is, that the petition shows on its face no cause of action. By the terms of section 2, article VI., of the charter, the city counsellor is authorized to apply in the circuit court for the appointment of commissioners, etc., " whenever the general assembly shall provide *by ordinance* for establishing, opening, widening, or altering any street, avenue, alley, etc. It is obvious, in view of this language, that a valid ordinance authorizing the establishment of the particular street or alley is necessary to the jurisdiction of the circuit court to proceed in the summary manner therein pointed out. The ordinance under which this proceeding was instituted, contained in section 3 the following provision : —

" This ordinance shall be null and void and have no effect, unless within ten days after the approval of this ordinance, the owner or owners of the lot of ground south of, and adjoining the alley as herein established, shall properly dedicate a strip of ground twenty feet in width extending from the south line of Benoist and Ewing's addition to the north line of the public school's subdivision of part of the United States survey three thousand and three, and the lines of said alley to be straight linear continuations southwardly of the lines of the alley herein established."

The petition does not allege, nor was any evidence offered tending to prove that this condition precedent, upon which the validity of the ordinance was made by its own terms to depend, had ever been complied with. It is a settled rule of pleading that, where a condition precedent exists, the performance of which is necessary to give a right of action, such performance must be alleged and proved. *Bayse* v. *Ambrose*, 32 Mo. 484. That was not done in this case, and, for aught that appears on the face of the proceedings, the dedication, without which it was provided that the ordinance should be null and void, may never have been made by the property owners therein named. We can not presume that it was made, from the

mere fact that the city counsellor instituted this proceeding; but we must hold that, without averment and proof of the happening of the fact which the ordinance provides shall be necessary to its validity, it is of no validity. The case of *City of St. Louis* v. *Gleason* (15 Mo. App. 25, 588), upon which the plaintiff relies, is not in point. The question which was there decided had reference to an ordinance which was unconditional and valid upon its face; and we held that it was not necessary to the validity of the condemnation proceeding that the petition in the circuit court should recite the existence of facts which the charter requires to exist before the municipal assembly shall pass such an ordinance.

It is argued for the plaintiff that this objection should have been taken by the defendant either by demurrer or answer, and not by this exceptor after final judgment. We do not understand that it was not made before final judgment. This exceptor was not made a party, and therefore did not have an opportunity to make the objection by demurrer or answer, so far as appears. She voluntarily appeared and made her exceptions to the report of the commissioners, as she was allowed to do by section 7 of article VI. of the charter. This section does not distinctly limit the matters of exception; but it would be contrary to all analogy to hold that, where a party is allowed to except, he can not challenge in this way the validity of the whole proceeding. This is a summary proceeding, contrary to the course of common law. In such cases, the rule is that the circuit court is, *quoad hoc*, a court of special and limited jurisdiction, and that the essential facts upon which the law predicates its right to exercise the particular jurisdiction must appear on the face of its record. *Kansas, etc., R. Co.* v. *Campbell*, 62 Mo. 585, 588; *Werz* v. *Werz*, 11 Mo. App. 26, 31. In such a case as this a valid and operative ordinance authorizing the opening of the particular street or alley, is such a fact. Any person, therefore, injuriously

affected by the proceeding may, if properly in court, raise such an objection.

The judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All the judges concur.