Hughes· v. Carson.

HUGHES *et al.* v. CARSON, *Appellant.*

1. **Rents and Mesne Profits, Action for Against Landlord :** PLEADING : EJECTMENT : STATUTE. An action will lie against a landlord for rents and mesne profits after judgment in ejectment against his tenant and recovery of possession, where the judgment included a recovery for such rents and profits, and where the ten-ant was the only party defendant to the ejectment and is insolvent, notwithstanding the provisions of Revised Statutes, section 2252 ; and it is not necessary to allege that the landlord was in receipt of the rents and profits where it appears from the petition that he aided and abetted the tenant in his resistance to the recovery of the premises in ejectment.

2. **Pleading :** PRACTICE. Any omission to state a material fact in a pleading will be obviated if the pleading of the opposite party put the matter in issue.

*Appeal from Montgomery Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

**AFFIRMED.**

*Macfarlane & Trimble* for appellant.

(1) At common law recovery of rents and profits by way of damages in an ejectment suit was not au-

thorized. Sedgwick & Wait on Trial of Title to Land, sec. 647 ; Tyler on Ejectment, 838. (2) After recovery in ejectment, trespass for mesne rents and profits was the remedy. Sedgwick & Wait on Trial of Title, sec. 648 ;. Tyler on Ejectment, 838, *et seq.* (3) The statutes of this state provide for joining in a suit in ejectment a claim for damages, rents and profits. R. S., sec. 2252. (4) A claim for improvements can only be made after a judgment for possession and before eviction. R. S., sec. 2259 ;. *Malone v. Stretch*, 69 Mo. 25 ; *Henderson v. Langley*, 76 Mo. 226. (5) In ejectment if plaintiff prevail he shall recover rents and profits by way of damages. R. S. 1879, sec. 2252. (6) Plaintiff may be at liberty to sue for possession without making a claim for rents, and after recovery of possession proceed in trespass for mesne rents and profits [ *Vandevoort v. Gould*, 36 N. Y. 465], but we think, having elected to join a claim for rents, the judgment is a bar to any other action. *Walker v. Mitchell*, 18 B. Monroe, 541 ; Tyler on Ejectment, 737. The whole statute on the subject must be construed together. Our Supreme Court has construed section 2259, so as to require a claim for improvements to be made in the same court and before eviction. 69 Mo. 25 ; 76 Mo. 227. Trespass for mesne rents and profits will only lie after eviction. To give the statute any construction other than that a judgment against a tenant is a bar to a subsequent proceeding against the landlord, would deprive the landlord of the remedy given under section 2259, *et seq.* (7) If the landlord can be held as a joint trespasser so as to authorize a proceeding against him for mesne rents and profits, under a judgment in ejectment against his tenant, then he could be joined as a defendant in the ejectment suit, and plaintiff would be deprived of none of his rights. It is the usual practice to join the landlord in case a recovery of damages is expected and the tenant is insolvent.

*Thos. H. Musick* for respondents.

It is a well established principle that, unless clearly inconsistent, a statute will not abrogate the common law by inference. Section 2252 provides for uniting the action of ejectment and mesne profits, but there is nothing in that section inconsistent with the right of separate actions. In *Lee v. Bowman*, 55 Mo. 400, Judge Sherwood seems to hold that the actions, when against the same party, must be united; but in *Atkison v. Henry*, 80 Mo. 670, Judge Hough reserves the point. It is another accepted principle that a litigant may pursue all the remedies he has, but can have only one satisfaction. On a joint note there may be several actions, but only one satisfaction. Sections 2243 and 2244 do not seem to authorize the ejectment against the landlord, nor to authorize plaintiff to bring him in on motion. And such is the holding of the Supreme Court. *Sutton v. Casseleggi*, 77 Mo. 397. Then, as the plaintiff cannot make the landlord a party in the ejectment suit, he must, when the tenant proves to be insolvent, be permitted to maintain this action against the landlord, or lose his rents and profits entirely. And neither in principle nor justice is there any reason why the fruitless efforts to recover these from the tenant in the ejectment should be allowed to shield the landlord in a separate action. On principle it is just this: We have a just and valid claim against two parties who cannot be united by us in the first action brought, and appellant says, because we tried to make our claim out of the defendant in that first action, and failed, we shall, on account of that effort, be barred of our action and remedy against the other party liable. Such a defence seems almost like quibbling, and worthy a penalty for vexatious litigation.

SHERWOOD, J.—The question presented by this re-

cord is whether an action will lie against a landlord for mesne rents and profits, after judgment in ejectment against his tenant, and recovery of possession, where the judgment included a recovery for such rents and profits, and where the tenant was the only party defendant to the ejectment, and is insolvent, the point presented being raised by a motion in arrest of judgment denying the sufficiency of the petition on which the judgment for such rents and profits was based; and this is the only point for determination.

The petition in substance alleges that the plaintiffs sued the tenant in ejectment, demanding judgment for possession, damages, rents and profits; that defendant was not a party to the action, but that he resisted said suit, by employing and paying counsel, and otherwise managing and controlling the defence thereof; that the tenant is insolvent, and that plaintiffs have recovered possession of the premises by virtue of their judgment in ejectment. At common law such an action would lie against the landlord in fact, who was in receipt of the rents and profits, or who resisted the recovery in the ejectment suit, although he was not a party to that suit. Woodfall's Landlord & Tenant, 710; *Chirac v. Reinecker*, 11 Wheat. 280; Tyler on Eject., 841. In this case it does not appear from the petition that the defendant landlord was in receipt of the rents, etc., but this, from the authorities cited, does not appear to be essential, if the other circumstances appear showing that the landlord aided and abetted the tenant in his resistance to the recovery of the premises in ejectment. But were such an averment necessary in the petition, it is supplied in this instance by the allegation in the answer, that the defendant "received no part of the rents and profits of said land, or any benefit therein;" for this allegation cured any defect in the petition on that score, even if such allegation were necessary, because it was a rule at common law, known as "express aider," that any

omission to state a material fact, either in declaration or plea, would be obviated if the pleading of the opposite party put the matter in issue. *Garth v. Caldwell*, 72 Mo. 622, and cas. cit. No reason is seen why the common law rule in respect of holding the landlord liable for the mesne rents and profits should not continue to prevail, notwithstanding the statutory provisions of section 2252, especially where, as here, the landlord was not made a party to the record in the ejectment suit; and of course no merger of plaintiff's cause of action in the former judgment occurred. That such an action is still maintainable against the landlord, notwithstanding the statutory provisions, is asserted by the text writers. Tyler on Ejectment, 838.

Had the tenant been solvent and the judgment rendered against him for mesne rents and profits been satisfied, this, of course, would have been a bar to any recovery against the landlord for the same matter; but the tenant being insolvent, and the landlord also liable, a worthless judgment against his tenant is no bar to an action against him.

For these reasons the judgment should be affirmed. All concur.