F. M. McALLISTER, Respondent, v. H. J. WALKER, Appellant.

### St. Louis Court of Appeals, March 9, 1897.

1. **Pleading**: DEFECTIVE DESCRIPTION: OFFSET SUPPLYING DEFECT: SUFFICIENCY OF COMPLAINT. A complaint failing to locate certain lands mentioned in the complaint, was cured by an offset, filed by defendant, showing that the lands referred to were the lands of defendant, and well known to defendant as such.

2. **Contract, or License**: CONVERSION. Under a contract for the clearing of land, to be paid for by the timber taken off the land, timber severed from the soil by the obligor becomes his property, and the obligee has no right to appropriate it to his own use without compensation; and this, though the contract be treated as a mere license.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* for appellant.

The petition does not state a cause of action. It does not state facts sufficient to bar a second action. *Leas v. Express Co.*, 45 Mo. App. 598.

Plaintiff's permission to clear the land and remove the wood off defendant's land was a license by parol, and subject to revocation without notice, at the will of defendant. *Pitzman v. Boyce*, 111 Mo. 387; *R. R. v. Stock Yards*, 41 Mo. App. 130; 129 Mo. 5.

Plaintiff's action is for damages, yet, under the instructions, he recovered for conversion. This was error. The instructions must be based upon the pleadings. *Jacquin v. Grand Ave.*, 57 Mo. App. 320, 338.

*Thomas S. Carter* for respondent.

The court did not err in overruling defendant's demurrer to plaintiff's statement. No such thing is

McAllister v. Walker.

known to the law as a demurrer to a statement filed before a justice of the peace. Nor will any such motion, in the nature of a demurrer, be treated as a motion to dismiss, unless preserved in the bill of exceptions. *Kane v. Dauernheim,* 51 Mo. App. 635; *Langford v. City of Doniphan,* 53 *Id.* 62; *Anderson v. McClure,* 57 *Id.* 93.

The statement of plaintiff's cause of action was sufficient. No formal pleadings are required in justice's courts. R. S. 1889, sec. 6138; *Bunton v. Adams,* 65 Mo. App. 6. See, also, *Reeds v. Lee,* 64 Mo. App. 683; *Bradly v. Sweiger,* 61 *Id.* 419; *Reichnitzer v. R'y,* 60 *Id.* 409; *Wilkinson v. Ins. Co.,* 54 *Id.* 661; *Polhans v. R'y,* 115 Mo. 535; *Iba v. R'y,* 45 *Id.* 469; *Burt v. Warne,* 31 *Id.* 296; *Coughlin v. Lyons,* 24 *Id.* 533; *Witting v. R'y,* 101 *Id.* 631; *Butts v. Phelps,* 79 *Id.* 302; *Lemon v. Lloyd,* 46 Mo. App. 452; *Weese v. Brown,* 102 Mo. 299.

Even if the contract was within the statute of frauds, which we deny, defendant can not avail himself of it here. *Scharff v. Klein,* 29 Mo. App. 549, 551; *Randolph v. Frick,* 50 *Id.* 275; *Maybee v. Moore,* 90 Mo. 340; *Van Idour & Co. v. Nelson,* 60 Mo. App. 523, and citations; *Hackworth v. Zeitinger,* 48 *Id.* 32, 35.

When the plea of defense, as in this case, admits the contract, the statute must be pleaded. *Boyd v. Paul,* 125 Mo. 9; *Bless v. Jenkins,* 129 *Id.* 941.

While a parol license to enter upon real estate is generally revocable at the pleasure of the licensor, such license can not be revoked when the licensee, on the faith of the license, with the knowledge of the licensor, has expended his money and labor in carrying out the object of the license. *School Dist. v. Lindsay,* 47 Mo. App. 134.

BLAND, P. J.—Plaintiff filed before a justice of the peace, in Audrain county, the following statement:

"Before W. H. Angell, J. P., in Saling township, Audrain county, Mo., Hiram Walker, dr. to F. W. McAllister, Jan. 18, 1894. To damages for breach of contract for the clearing of a certain piece of land in Audrain county, Missouri, and for refusing to allow me to remove the timber from said land when cut as per contract, $50."

Defendant filed before the justice an answer and offset, denying an indebtedness of $50 or any other sum, and stating that by reason of the careless, negligent, and indifferent manner in which plaintiff pretended to clear defendant's grounds, as he was bound to do by his contract, entered into about November, 1892, and by reason of the plaintiff cutting and removing from defendant's premises certain timber which, under said contract, he was prohibited from removing, he was damaged in the sum of $50, for which he asks judgment.

Defendant, for further answer, stated that on or about the seventeenth day of January, 1894, the plaintiff, unlawfully and without warrant or authority, contract or agreement, entered upon defendant's premises and cut down and removed certain trees and timber growing thereon, to defendant's damage in the sum of $50, for which he asked judgment. Successive trials were had before the justice and circuit court, resulting in both instances in judgment for the plaintiff, from which the defendant has successively appealed.

Respondent filed in the circuit court a motion to dismiss the cause of action, for the reason that the complaint failed to state any cause of action; and made the same objection to the introduction of any testimony at the trial. The trial court overruled his objection and motion. This action of the court is assigned as error here. The complaint is a very meagre and

PLEADING: defective description: offset supplying defect: sufficiency of complaint.

indefinite one. Standing alone it is insufficient, as it fails to locate the lands upon which the clearing is alleged to have been done. To say that they were in Audrain county, is too uncertain to constitute any description, and the complaint should have been, and doubtless would have been, amended, had not the counterclaim, filed by the appellant, cured the defect in the complaint, by showing that the lands referred to in the complaint were the lands of the defendant, in Audrain county, and well known to the defendant, so that he was not misled or prejudiced in anywise by the failure of the complaint to describe the lands with certainty. The description furnished by the offset, and supplemented by the evidence in the case, is ample to bar any other action on the same subject-matter.

It appears from the evidence that in November, 1892, or February, 1893, appellant and respondent made a verbal contract by which it was CONTRACT, or license: conver- agreed respondent might enter upon cer- sion. tain lands of the appellant's and clear the same of trees, undergrowth, and brush, and for his labor in making the clearing, he should have all the firewood and saw timber upon the lands to be cleared by him; that under this contract he cleared off some two or three acres. Respondent's testimony is, that he was still clearing under this contract in January, 1894, and that on the eighteenth of that month he was notified by appellant to leave the premises, and at the time he had on the premises fifteen to twenty loads of firewood, and eight or ten sawlogs cut and ready to haul off, and that appellant refused to let him haul these off. Appellant's testimony is that long prior to January, 1894, he notified respondent not to cut any more timber on his land, and that he was on the land in January as a trespasser, and all the timber cut by respondent that was on the land when he gave him notice to get off, was

cut without his permission and against his will. These issues of fact were submitted to the jury by correct instructions. Appellant's contention is, that the contract gave to the respondent a mere license to enter the appellant's land and cut timber, and was revocable at appellant's will. We doubt if this contract can be treated as a mere license. It seems to us to be a contract for the clearing of land, to be paid for by the timber taken off the land, and is no more a license than if the contract had been to clear at so much per acre, to be paid for in money. Whether it be a license or not, under the contract, when the timber was severed from the soil, by the respondent, it became his property; and neither the law of liens, nor any other law, would give the appellant the right to appropriate this property to his own use without compensation. The termination of the license (if we should call it a license) would have to be upon terms that the respondent could go upon the premises and carry away personal property he might have there. He would, under such circumstances, have the same right after the revocation of the license, to enter the premises and take away the timber he had cut, as he would to enter to bring away his ax or saw, which he might have been using on the premises. The right to terminate a license does not carry with it the right to confiscate the personal property of the licensee which may happen to be found on the premises at the moment the license is terminated.

Judgment affirmed. All concur.