Price v. P. & F. H. Protection Co.

R. E. PRICE, Respondent, v. PATRONS' & FARMERS' HOME PROTECTION COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Jurors:** COMPETENCY OF: CORPORATION: KINDRED. Jurors related within the fourth degree of consanguinity or affinity to persons insured by a corporation, the law of which makes its assured members thereof and subject to the payment of assessments, are incompetent in a trial against such company to recover a loss.

2. **Pleading:** OMISSION IN PETITION: AIDER BY ANSWER: CONDITION PRECEDENT: EVIDENCE: VARIANCE. Where a petition is defective by reason of the omission of an allegation of a condition precedent to the recovery sought, such defect is cured by an answer which sets up such omitted condition and there is no such variance between the pleadings and the contract as to defeat a recovery.

3. **Insurance:** PLEADINGS: INSTRUCTIONS ASSUMING OWNERSHIP. Where the pleadings, including the answer and the evidence, proceed on the theory that the plaintiff is the owner of the insured property, the court is justified in assuming such ownership in its instructions.

4. ———: CONDITION AS TO CAUTION: INSTRUCTION; DEFINITION. An instruction defining a provision of an insurance policy that said assured should use all proper precaution to prevent accident by fire, as meaning only that degree of care and caution which might be reasonably expected of ordinarily prudent persons under like circumstances and conditions, is proper.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

LAVELOCK & KIRKPATRICK for appellant.

(1) The jurors challenged for cause by the plaintiff were competent triers of the case. R. S. 1889, sec. 6083; Burdine v. Grand Lodge, 37 Ala. 473; Robinson v. So. Pac. Co., 105 Cal. 526. (2) The petition

declared on a direct promise of indemnity, while the policy constituted only a conditional agreement to pay the loss. There was such a variance between the allegations and this offer as to amount to a failure of proof. May on Ins. [2 Ed.], sec. 157, p. 181; 3 Joyce on Ins., sec. 1951, p. 1947; Bayse v. Ambrose, 32 Mo. 484; Pier v. Heinrichoffen, 52 Mo. 333; St. Louis v. Cruikshank, 16 Mo. App. 495; Roy v. Boteler, 40 Mo. App. 225; McNees v. Ins. Co., 61 Mo. App. 343–344. (3) It is now the settled law in this state that an averment of ownership by the plaintiff of the insured property is absolutely essential to a recovery. It is necessary that there should be a distinctive allegation of an insurable interest in the plaintiff. Scott v. Ins. Co., 65 Mo. App. 77; Clevinger v. Ins. Co., 71 Mo. App. 76–77. (4) The third instruction given at the instance of the plaintiff was clearly erroneous. It only required ordinary care of the plaintiff. This, we insist, was his duty to exercise, under the circumstances, in the absence of such a stipulation in the policy. But what might release the insurer, under the usual contract of insurance, is not in this case. The plaintiff was admitted a member of this mutual company, organized not for profit, and the business of which was confined entirely to Ray county, on the condition that he would "use all proper precaution to prevent accident by fire." This provision positively excludes any omission of duty.

GARNER & DIVELBISS for respondent.

(1) The jurors challenged by plaintiff and excused by the court were incompetent by reason of relationship to members of the defendant company. R. S. 1889, sec. 6083. (2) Even though the rejected jurors were competent their rejection by the court is no

ground for reversal, there being no valid objection to the jurors impaneled in their stead. West v. Forest, 22 Mo. 344. (3) It is not error to assume in an instruction a fact of which there is some proof and no controverting evidence. This is especially true where all parties assume and treat it as a fact throughout the trial. Carroll v. Railroad, 88 Mo. 239; Bank v. Hack, 98 Mo. 376; Walker v. Kansas City, 99 Mo. 647; Pope v. Railroad, 99 Mo. 400; Dickson v. Railroad, 104 Mo. 491; Czezwzka v. Railway, 121 Mo. 201; Taylor v. Iron Co., 133 Mo. 349; Keyes v. Bank, 52 Mo. App. 323; McGuire v. Railroad, 43 Mo. App. 354; Halderman v. Stillington, 63 Mo. App. 212. (4) The general allegation of the performance of all the conditions of the policy on the part of the plaintiff is sufficient. R. S. 1889, sec. 2079; Richardson v. Ins. Co., 57 Mo. 413; Okey v. Ins. Co., 29 Mo. App. 105; Rieger v. Ins. Co., 69 Mo. App. 674; Pomeroy v. Fullerton, 113 Mo. 440; Beckman v. Ins. Co., 49 Mo. App. 607. (5) The defect of the petition, if any, in failing to set out the condition of the policy was cured by the answer which pleaded it in full. Bliss on Code Plead [2 Ed.], secs. 437, 438, 440; Pomeroy's Code Remedies [3 Ed.], sec. 579; 2 Boone's Estee's Pleadings [4 Ed.], sec. 3165y; R. S. 1889, secs. 2113, 2100, 2096; Stivers v. Horne, 62 Mo. 473; Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Donaldson v. Butler Co., 98 Mo. 163; Henry v. Sneed, 99 Mo. 407; Allen v. Chouteau, 102 Mo. 309; Beckman v. Ins. Co., 49 Mo. App. 607; Dillard v. McClure, 64 Mo. App. 488; McAllister v. Walker, 69 Mo. App. 496; Heffernan v. Supreme Council, 40 Mo. App. 605. (6) Plaintiff's instruction as to the measure of diligence enjoined upon him properly declared the law. Farrell v. Ins. Co., 66 Mo. App. 165.

SMITH, P. J.—This is an action by plaintiff against defendant, an insurance corporation organized under the statute of this state, on a fire insurance policy. The plaintiff had judgment in the circuit court and defendant appealed.

I. The plaintiff objected to four of the jurors of the regular panel on the ground that they were related to the parties insured with defendant. It

*JURORS: competency of: corporation: kindred.* was developed during the progress of the examination of the jurors touching their qualifications that the fathers of three of them and a brother of a fourth were insured with defendant. The court sustained plaintiff's objection and excused each of said four persons so challenged from the panel; and the question thus presented is, whether this action of the court was error.

The statute, section 6083, provides that no person shall be sworn as a juror who is of kin to either party to any cause within the fourth degree of consanguinity or affinity. Were the jurors so challenged for cause within the statutory prohibition?

While a corporation can not be said to have any kindred yet as such bodies are composed of natural persons who may have such kindred it would seem from all the authorities that if a juror be of kindred to any that is of such a body he is incompetent in a cause where such body is a party to the record. 3 Thomas' Coke, top p. 379; 5 Bac. Abr., 353–354; Thompson & Merriam on Juries, 182; 60 Ga. 550; 20 Conn. 87; Young v. Ins. Co., 1 Cranch C. C. 452. The four challenged jurors were within the fourth degree of consanguinity to certain persons who were insured with defendant and therefore incompetent under the statute. It may be proper to here say that it is conceded that any one who was insured with

defendant was, under the law of its organization, a member thereof, subject to the payment of assessments for all losses sustained by it.

II.   The defendant's further contention is that the plaintiff's petition alleged a direct promise of indemnity while the policy constituted only a conditional agreement to pay the loss, and that therefore there was such a variance between the allegation of the petition and the proof as to amount to a failure of proof.   The policy provided

PLEADING: omission in petition: aider by answer. condition precedent: evidence: variance.

that the defendant in consideration of a certain premium insured the plaintiff for five years against loss or damage by fire or lightning to the amount of $1,275 on a certain dwelling house, household furniture, etc.   It was therein further provided that the "members of said company hereby agree to make good unto said assured the amount as specified above in proportion to their several amounts insured on condition that said assured uses all proper precaution to prevent accident by fire * * , *.   The assured failing to keep his property in good repair, after being notified by the agent that his property is not in a safe condition and failing to comply with the requirements of said agent, vitiates the policy. Any change in or improvements to buildings, unless approved by the agent, vitiates the policy."   The petition made no reference to the conditions of the policy just stated other than to allege that plaintiff had performed all the conditions of the policy required by the terms thereof.   The answer set forth in full the said conditions, of the policy.

At the trial the defendant objected to the introduction of the policy in evidence on the ground that it was not that alleged in the petition, which objection was by the court overruled; and this ruling is here assigned as a reversible error.   The rule is that where a condi-

tion precedent exists, the performance of which is necessary to confer a right of action, such condition must be alleged and proven. Pier v. Heinrichoffen, 52 Mo. 333; Bayse v. Ambrose, 32 Mo. 484; St. Louis v. Cruikshank, 16 Mo. App. 495; Roy v. Boteler, 40 Mo. App. 225.

But the plaintiff answers this contention by invoking the application of the doctrine of express aider. He insists that if the petition was defective by reason of his failure to set forth the conditions of the policy such defect was cured by the allegations of the answer which did set forth such conditions. The rule is quite well settled almost everywhere that a pleading defective by reason of the omission of some material allegation may be aided by the pleading of the adverse party. If the omitted allegation be supplied by the pleading of such adverse party it is the same as if it were inserted in the party's own pleading. Bliss on Code Plead. [2 Ed.], secs. 437, 438, 440; Pomeroy's Code Remedies [3 Ed.], sec. 579; 2 Boone's Estee's Pleadings [4 Ed.], sec. 3165y; Garth v. Caldwell, 72 Mo. 622; Hughes v. Carson, 90 Mo. 399; Henry v. Sneed, 99 Mo. 407; Allen v. Chouteau, 102 Mo. 309; Beckman v. Ins. Co., 49 Mo. App. 607; Dillard v. McClure, 64 Mo. App. 488; McAllister v. Walker, 69 Mo. App. 496; Heffernan v. Supreme Council, 40 Mo. App. 605.

The defendant's answer not only alleged the omitted conditions of the policy but negatived the performance of the same by the plaintiff so that the performance of the conditions precedent of the policy were as much in issue as if the same had been specially pleaded, as they should have been, in the petition and controverted by the answer.

In the last cited case of Heffernan v. Supreme Council, the petition, as here, alleged an unconditional

Vol. 77 app—16

promise. The allegations of the answer showed the promise to be conditional. It set forth the conditions and alleged the nonperformance thereof. The defendant objected to the introduction of the policy in evidence on the ground that the petition charged an absolute promise. Judge Rombauer, who delivered the opinion of the court in the case, in referring to this objection remarked that, "the petition if properly framed should have charged a conditional promise, as the promise shown by the proof was conditional, but that the evidence offered was at most a variance, as distinguished from a failure of proof. It could not operate as a surprise to the defendant since the defendant in its own answer, with minute details set out the entire contract with all the conditions; and where the answer thus supplements the petition how can the defendant claim the proof offered should not be received, it being strictly within the issues framed by the pleadings?" It seems clear to us that the evidence offered by plaintiff and hereinbefore alluded to was admissible under the issues made by the pleading.

III. The defendant objects that since the plaintiff's instructions did not submit to the jury the issue of whether or not the plaintiff was the owner of the property covered by the policy at the time of the loss the same were for that reason erroneous. The answer alleges that "the fire broke out in the morning of the 12th day of September, 1896, in the absence of the plaintiff, and was extinguished, as far as could be discovered by the agents and members of defendant company, after doing a small damage to the building and effects contained therein, for which defendant company, on or about the 21st day of January, 1897, tendered to the plaintiff the sum of eighty-six dollars and thirty

INSURANCE: pleadings: instructions assuming ownership.

cents ($86.30) in payment of said loss and the costs accrued up to that date.''

How can the defendant be heard to urge this last objection in the face of this implied admission in its answer ᵥof the plaintiff's ownership of the property lost? Besides this the evidence all the way through shows that it was in effect conceded that the plaintiff was the owner of the property. The court was therefore justified in assuming in its instructions that plaintiff was the owner of the insured property.

The defendant complains further of the action of the court in giving the plaintiff's third instruction which declared that the clause in the policy providing that ''said assured uses all proper precaution to prevent accident by fire'' meant only that degree of care and caution which might reasonably be expected of an ordinarily prudent person under like circumstances and conditions. This definition, it seems to us, is unexceptionable. And if it were otherwise it would seem from the defendant's second instruction that it in effect there requested the court to declare a similar definition, so that the error, if such it was, was common.

There is no substantial conflict in the instructions. They are, as far as we can discover, harmonious and consistent expressions of the law applicable to the case. The fourth instruction asked by defendant was properly refused. There is no evidence to which our attention has been called to authorize the giving of the same.

Perceiving no error in the record justifying any interference by us it follows that the judgment must be affirmed, which is so ordered accordingly. All concur.