FRANK WAY, Appellant, v. WILLIAM H. MILLER, Respondent.

Kansas City Court of Appeals, May 8, 1899.

1. **Vendor and Vendee**: TENDER OF PERFORMANCE: INABILITY TO CONVEY: DAMAGES: TIME. A petition to recover damages for a breach of contract to exchange land need not aver that the plaintiff tendered a proper deed when the defendant by conveying to a third party has put it out of his power to perform his contract; and in this case time is not of the essence of the contract.

2. **Trial Practice**: NONSUIT: MOTION TO SET ASIDE: GROUND OF. A motion to set aside a nonsuit assigned as a reason that the court erred in refusing to permit plaintiff to offer evidence in support of the allegations in his petition. Held, sufficient to give the court opportunity to review its ruling in the rejection of evidence on account of the insufficiency of the petition.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

OSCAR L. SMITH for appellant.

(1) It was unnecessary to plead conditions precedent when the petition stated that defendant had conveyed the land to other parties that he agreed to convey to plaintiff. Beckman v. Ins. Co., 49 Mo. App. 607; Bayse v. Ambrose, 32 Mo. 484; Little v. Mercer, 9 Mo. 218; Estee's Pleading [3 Ed.], sec. 323. (2) Time was not of the essence of the contract, and the defendant could not abandon it without fixing a reasonable time within which the contract should be completed on the part of the plaintiff. Mastin v. Grimes, 88 Mo. 478; Hartzell v. Crumb, 90 Mo. 638.

B. B. GILL for respondent.

(1) Plaintiff by his contract agrees to assume and pay an incumbrance of $7 on defendant's land, to pay taxes on his lot for 1898, to furnish abstract, to put down a sidewalk, to give immediate possession of his property to defendant. There is no allegation that he ever offered to comply with either of said terms and conditions. His allegation that he was "ready, willing, able," etc., to perform will not do, he must be more than "willing," he must offer to perform or give some excuse for his failure, and so state in his petition. Therefore, we say in this case, as the record stands, that it is no excuse for the plaintiff to say he was excused from alleging a performance of the conditions precedent by the allegation that the defendant conveyed his property thirty-four days after the contract was to take effect. Every fact which the plaintiff must prove to maintain his suit, he must plead. Pier v. Heinrichoffen,

52 Mo. 333; Beckman v. Ins. Co., 49 Mo. App. 607; President v. Hagner, 1 Pet. 455; Beach Modern Law Contracts, sec. 88. (2) A complaint on a contract which sets out a copy of the contract and fails to allege plaintiff's performance of the conditions, fails to state a cause of action, and is not waived, although objected to for the first time on appeal. 2 Beach Modern Law Contracts, sec. 1699, and cases cited in note 4 to said section.

SMITH, P. J.—The plaintiff being the owner of a town lot and the defendant the owner of a forty acre tract of land, they entered into a written contract for the exchange of the same. Each piece of property was incumbered. The defendant was to give the plaintiff possession of the land in March, 1898, and the plaintiff was to give defendant immediate possession of the lot. The defendant did not give possession at the time agreed to, or at all but sold and conveyed the land to another. This suit is to recover $350 damages, being the alleged difference between the value of the lot and that of the forty acre tract of land.

At the trial the defendant objected to the introduction of any evidence by the plaintiff for the reason that the petition did not state a cause of action; which objection was by the court sustained and thereupon the plaintiff took a nonsuit with leave to set the same aside. The plaintiff filed a motion to set aside the nonsuit, which was overruled. He brings the case here by appeal.

As to the action of the court in sustaining the defendant's objection to the introduction of any evidence under the petition, it may be remarked that previous to the interposition of this objection the plaintiff had introduced in evidence the contract.

The plaintiff in his petition did not plead performance of the contract on his part or that he had tendered the defend-

**VENDOR and vendee: tender of performance: inability to convey: damages: time.** ant a proper deed conveying the lot. This would have been necessary had it not been that he alleged an excuse therefor in his petition to the effect, that the defendant, within a few days after the time he had agreed to deliver the plaintiff the possession of said forty acre tract of land, had sold and conveyed it to another, thereby putting it out of his power to convey him the land. This would seem to be an ample excuse for the failure on the part of the plaintiff to allege performance of the contract on his part. St. Louis v. Cruikshank, 16 Mo. App. 495; Beckman v. Ins. Co., 49 Mo. App. 607; Bayse v. Ambrose, 32 Mo. 484. That time was not of the essence of the contract is quite obvious. The petition is therefore not subject to the defendant's objection.

The third ground of the plaintiff's motion to set aside the nonsuit, which was to the effect that the trial court erred in refusing to permit plaintiff to offer any evidence in support of the allegations of plaintiff's petition, was ample to justify the sustaining of such motion. The court had, during the progress of the trial, ruled that the allegations of the petition were insufficient to authorize the admission of any evidence to sustain the same. This was, in practical effect, telling the plaintiff that any further offer of evidence by him would be rejected, since his petition stated no cause of action. The grounds of the motion were sufficient to give the court an opportunity to review its ruling in respect to the rejection of evidence on account of the insufficiency of the petition.

**TRIAL practice: nonsuit: motion to set aside: ground of.**

The petition stated, as we have seen, facts sufficient to constitute a cause of action, and it follows that the action of the court was error.

The judgment will be reversed and cause remanded. All concur.