## MORLEY v. CRANMORE SKIMOBILES, Inc.

### No. 411.

District Court, D. New Hampshire.
May 31, 1946.

Robert W. Upton, of Concord, N. H., Matthew J. Ryan, of Berlin, N. H., and John E. Gormley, of Concord, N. H., for the plaintiff.

McLane, Davis & Carleton, John P. Carleton, Arthur A. Greene, Jr., and Sheehan & Phinney, all of Manchester, N. H., for the defendant.

CONNOR, District Judge.

This is an action to recover for injuries alleged to have been caused by the negligence of the defendant. There was a trial by jury, with a view, and a verdict for the defendant. After the verdict the plaintiff moved that it be set aside for the following reasons:

1. The verdict is against the law and the evidence.

2. The jury was moved by passion and prejudice or fell into plain mistake.

3. The jurors, one or more, were disqualified by reason of bias for the defendant or prejudice against the plaintiff.

At the hearing on the motion, the plaintiff offered testimony of three of the jurors who had been subpoenaed by him. In the exercise of discretion and over the objections of the defendant, the Court received the testimony de bene. It was thought that justice would be best served if testimony was received in this form, and if subsequently deemed irrelevant and inadmissible was to be laid aside and not considered.

■ It is well settled in this jurisdiction that the testimony of jurors may not be received for the purpose of impeaching their verdict. However, it is one of the general supervisory powers of the court to recall and interrogate the jury, if justice requires, whenever the court is of the opinion that the jury may have made some mistake or have been guilty of some improper conduct which produced their verdict.

Counsel for the plaintiff stress the fact that the testimony of the jurymen was offered solely as bearing on his contention that in organizing the jury, a proper tribunal had not been established, and that one of the jurymen, Richard W. Read, was disqualified by "bias for the defendant or prejudice against the plaintiff." The testimony disclosed that Read was interested in a ski tow near his home in Tamworth, and that he was an instructor in skiing. His mechanical experience enabled him to make repairs on this ski tow, which is owned by the Tamworth Outing Club, Incorporated. This is a nonprofit corporation, and Read serves as its president. It is the further contention of the plaintiff that Read's bias and disqualification are established because of certain remarks claimed to have been made by him to a fellow-juryman while being transported to the scene of the accident. It is claimed that he related a happening on the Tamworth Outing Club skimobile, wherein one of the users became involved in the rope tow, causing him to have his shirt torn off. It is further claimed that he told his seat-mate that he had his opinion "made up about the case, because skiers were careless." Read denied having prejudged the case before testimony was offered, or expressing an opinion as to its outcome, although he was uncertain as to his remark concerning the carelessness of skiers. Thus the sole question now to be decided is whether this juror has been improperly allowed to sit, and the Court has considered the evidence offered as bearing only upon this issue.

■ "It has not been the usual practice to disturb a verdict for a disqualification of one of the jurors rendering it, when the objection has not been taken until after verdict, and was known, or by reasonable diligence might have been known, to the party making it, before the trial or before verdict; and the burden of showing want of knowledge, and due diligence in discovering the objection, has, as a rule, been placed on the party moving for a new trial." Harrington v. Manchester & L. Railroad, 62 N.H. 77.

■■ The evidence is conflicting as to what was stated by Read to his fellow-juror while en route to the view. I find that Read did, in the course of conversation, either express himself in regard to liability, or discuss the case in such a way that it could be properly inferred that he was expressing an opinion. It was apparently a casual and ill-considered remark, which would have been better left unsaid, but nevertheless not necessarily reflecting a fixed opinion. I am not convinced that it was of sufficient importance to characterize him as biased or prejudiced and thus disqualified. Moreover, Read emphatically denies having expressed himself as claimed, and in accordance with the rule set forth in State v. Pike, 20 N.H. 344, "A verdict will not be set aside for prejudice in the mind of a juror, where, notwithstanding evidence that he had expressed an opinion, the juror himself denied that he had formed or ever intended to express any, and that he was in fact informed of but little of the case, as it appeared in evidence." See also State v. Ayer, 23 N.H. 301.

■ The general rule is that if the party has used reasonable diligence to ascertain the competency of a juror, and has failed to discover disqualifying facts afterwards proved which might operate to his prejudice in the trial, the verdict will be set aside; otherwise, not. Harrington v. Manchester & L. Railroad, supra.

■ I am not satisfied that plaintiff's counsel used due diligence in attempting to ascertain the facts now objected to. While it might have been difficult to have discovered the fact now urged as the basis for the claimed disqualification, it would have been easily disclosed that the juror was connected in some capacity with an

undertaking similar to that of the defendant, and appropriate steps in the light of this circumstance could have been taken.

The plaintiff's motion must be denied, and an order will be so entered.